Filed 5/5/16; reposted 4/21/17 to revise counsel listing page

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| ALEYAMMA JOHN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | S222726 |
| v. | ) | |
| | ) | Ct.App. 2/7 B256604 |
| THE SUPERIOR COURT OF LOS | ) | |
| ANGELES COUNTY, | ) | |
| | ) | Los Angeles County |
| | ) | Super. Ct. No. BV030258 |
| Respondent; | ) | |
| | ) | |
| SYLVIA CHAN, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

The vexatious litigant statutory scheme (Code Civ. Proc., §§ 391-391.7)[1] applies exclusively to self-represented litigants. Section 391.7, subdivision (a), authorizes a trial or appellate court to enter, "on its own motion or the motion of any party," a prefiling order that prohibits a self-represented vexatious litigant from "filing any new litigation in the courts of this state . . . without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." (§ 391.7, subd. (a), as amended by Stats. 2011, ch. 49, § 1.)

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise noted.

It is settled that section 391.7's prefiling process applies to self-represented plaintiffs who have been declared vexatious litigants. (See *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169-1170 (*Shalant*).) Section 391.7's prefiling provision applies to plaintiffs even when they appeal in propria persona an adverse judgment in the action they filed originally. (See *Mahdavi v. Superior Court* (2008) 166 Cal.App.4th 32, 41 (*Mahdavi*).) We granted review to resolve a conflict in the Courts of Appeal over whether section 391.7's prefiling requirements apply to declared vexatious litigants who are self-represented *defendants* appealing from an adverse judgment in litigation they did not initiate.

We conclude that section 391.7's prefiling requirements do not apply to a self-represented litigant previously declared a vexatious litigant seeking to appeal an adverse judgment or interlocutory order in an action where he or she was the defendant. A different interpretation would impede his or her right of access to the appellate courts without advancing the underlying purpose of the vexatious litigant statutes. We therefore affirm the Court of Appeal's judgment allowing defendant's appeal in this case to proceed.

## FACTS AND PROCEDURE

Defendant Aleyamma John (John) rented an apartment in Alhambra in December 2008. Real party in interest, plaintiff Sylvia Chan, doing business as STC Realty (Chan), was the agent for the apartment building's owners. In 2011, Chan served a 60-day notice on John for her failure to pay rent and comply with other tenant obligations. When John did not pay the rent she owed, Chan initiated an unlawful detainer action in November 2011. John represented herself in the lawsuit until shortly before the jury trial began, in April 2012. After the jury returned a verdict in Chan's favor, John's attorney substituted out of the case, and John resumed self-representation. The court issued a writ of possession in May 2012, and John vacated the premises after receiving notice from the sheriff's

2

department that it intended to enforce the writ. In July 2012, Chan was also awarded approximately $40,000 in attorney fees in her action against John. John filed two notices of appeal in June and July 2012 on her own behalf: one from the underlying judgment, and one from the attorney fees award. The court consolidated the two appeals in the appellate division. (Case No. BV030258 (*Chan v. John* action).)

On March 8, 2012, on its own motion, in a separately filed action against the company that managed John's apartment building, in which John was the plaintiff and appellant (*John v. Riegel Property Management*, *Inc.* (May 21, 2012, B236441) cause ordered dism. (*Riegel* action)), Division Three of the Second District Court of Appeal "issued an order to show cause whether John should be declared a vexatious litigant and a prefiling order entered against her pursuant to section 391.7, subdivision (a)." The court also stated that it would entertain a motion by the defendant for an order requiring John to furnish security pursuant to section 391.1. The court allowed John the opportunity to brief the issues and present oral argument.

On April 18, 2012, Division Three of the Second District Court of Appeal declared John a vexatious litigant plaintiff in the *Riegel* action. The court took judicial notice of court records indicating that in the preceding seven years, as a plaintiff in propria persona, John had prosecuted at least five litigations that were concluded against her. The court also entered a prefiling order under section 391.7 that prohibited John from filing any new litigation in California courts in propria persona without first obtaining leave of the presiding justice or presiding judge. The order "directed the clerk of the court to provide the Judicial Council with a copy of the prefiling order." After finding that there was no "reasonable probability" that John would prevail in her appeal in the *Riegel* action, the court ordered her to furnish security in the amount of $10,000 within 30 days as a

3

condition to going forward with her appeal. The court dismissed the appeal after John failed to comply with the court's order to furnish security under section 391.1.

On May 1, 2014, after briefing was complete in the separate *Chan v. John* action, the trial court's appellate division Presiding Judge McKay stayed all further proceedings in that action under section 391.7, subdivision (c), which automatically stays the filing of any new litigation after a party has been declared a vexatious litigant. Presiding Judge McKay noted that Division Three of the Second District Court of Appeal had declared John to be a vexatious litigant in the *Riegel* action. Presiding Judge McKay directed John within 10 days either to obtain permission from the Presiding Justice of the Second District Court of Appeal, Division Three, to continue the *Chan v. John* consolidated appeal, or to file a substitution of attorney with the name of a California State Bar member before proceeding further. On May 6, 2014, John submitted a request to file new litigation by a vexatious litigant in the *Chan v. John* action and an application to vacate the prefiling order and remove her name from the vexatious litigant list. On May 12, 2014, Presiding Judge McKay denied John's motion to file new litigation on the ground she failed to demonstrate that her appeals "had merit and were not filed for the purpose of harassment or delay." The presiding judge declared that the court lacked jurisdiction to vacate the prefiling motion under section 391.8 (requiring application to be filed "in the court that entered the prefiling order"). The court then dismissed John's consolidated appeals in the *Chan v. John* litigation.

On May 30, 2014, John petitioned the present Second District Court of Appeal (in Div. Seven) for a writ of mandate directing the appellate division in the *Chan v. John* consolidated appeals to vacate its dismissal and decide the appeals on their merits. Chan filed a brief opposing John's petition. In June 2014, the

4

Court of Appeal issued an order to show cause why John's relief should not be granted under *Mahdavi, supra,*166 Cal.App.4th at page 37 (court cannot require a person determined to be a vexatious litigant in prior litigation to seek leave of court before filing an appeal in a case in which the vexatious litigant is the defendant). In July, Chan filed her written return to the petition, and in August, John filed her reply. The Court of Appeal heard oral argument on October 30, 2014. It held that a defendant's status as a vexatious litigant plaintiff in one matter cannot limit that same defendant's ability to pursue her appeal in an action she did not initiate as a plaintiff. It ordered the appellate division to vacate its order dismissing John's appeals in the *Chan v. John* action. We granted Chan's petition for review.

## DISCUSSION

We review questions of statutory construction de novo. (*Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1119.) "Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.]" (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037.) We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results. (*Ibid.*) If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose to inform our views. (*Id.* at pp. 1039-1040.) We also strive to avoid construing ambiguous statutes in a manner that creates doubts as to their validity. (*Steen v. Appellate Division of Superior Court* (2014) 59 Cal.4th 1045, 1054.) With these principles in mind, we turn to the issue before us.

Section 391, subdivision (b)(1) defines a " 'Vexatious litigant' " as a party who "[i]n the immediately preceding seven-year period has commenced,

5

prosecuted, or maintained in propria persona at least five litigations . . . that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." Section 391, subdivision (a) defines " 'Litigation' " to mean "any civil action or proceeding, commenced, maintained or pending in any state or federal court." Section 391, subdivision (d) defines a " 'Plaintiff' " as "the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained." Section 391, subdivision (e), however, defines a " 'Defendant' " as "a person against whom a litigation is brought or maintained or sought to be brought or maintained." The Legislature included these definitions in the original vexatious litigant statute in 1963. (See Stats. 1963, ch. 1471, § 1, p. 3038.) Aside from a few amendments not applicable here, the Legislature left the definitions unchanged when it added section 391.7 in 1990 (Stats. 1990, ch. 621, § 3, pp. 3072-3073) and amended it in 2011 (Stats. 2011, ch. 49, § 1, p. 1878).

As noted at the outset, section 391.7, subdivision (a), provides: "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court." The reference to "presiding justice" in this subdivision, as well as similar references in other subdivisions of the statute, was added by the 2011 amendment. (Stats. 2011, ch. 49, § 1, p. 1878.)

Before the 2011 amendment became effective, this court decided *Shalant*, *supra*, 51 Cal.4th 1164, which held that section 391.7's prefiling process did not apply where a vexatious litigant who was subject to a vexatious litigant prefiling

6

order in a past action filed new litigation represented by counsel.  Although *Shalant* did not address vexatious litigant defendant appeals, it did discuss the vexatious litigant prefiling provision generally.  The court observed that the original section 391.7 was added in 1990 (Stats. 1990, ch. 621, § 3, pp. 3072-3073) to counter misuse of our courts by those abusing the system and to relieve *defendants* from the burden of meritless litigation.  (*Shalant*, *supra*, 51 Cal.4th at pp. 1169, 1171.)

At the time the Legislature amended section 391.7 in 2011, the Court of Appeal had already decided *Mahdavi*, where the court was faced with the same question presented here — do section 391.7's prefiling requirements apply to vexatious litigants who, as defendants, are appealing a judgment or interlocutory order in an action filed against them?  In *Mahdavi*, a hotel instituted an unlawful detainer action against defendant Mahdavi four years after the Court of Appeal had declared him to be a vexatious litigant.  (*Mahdavi*, *supra*, 166 Cal.App.4th at p. 35.)  When he lost the unlawful detainer action in the trial court, Mahdavi's notice of appeal was filed even though he had not sought an order from the presiding judge of the appellate division permitting its filing.  The appellate division stayed Mahdavi's appeal and eventually dismissed it when he did not obtain the presiding judge's leave to proceed.  *Mahdavi* held that the vexatious litigant statute's prefiling requirements do not apply to defendants who appeal from a trial court's adverse ruling in a case they did not originally file.  (*Id.* at p. 42.)

*Mahdavi* explained that in 1990, when it added prefiling order requirements for vexatious litigants, the Legislature intended section 391.7 to bar only plaintiffs from filing motions or papers when appealing actions that they initiated.  As *Mahdavi* observed, "[i]n appealing from a ruling in a case that he did not initiate, [the defendant] cannot be said to be 'maintaining' the litigation any more than any

7

defendant can be considered to be 'maintaining' litigation by seeking to defend himself through the filing of pleadings and motions in the trial court." (*Mahdavi*, *supra*, 166 Cal.App.4th at p. 41.) The court held that "[i]n such a case, even if the defendant has abused the judicial system in the past as a plaintiff, the defendant must be permitted to defend himself as any other defendant would." (*Id.* at p. 42.)

Additionally, when the court decided *Mahdavi,* subdivision (b) of section 391.7 provided, as it still does, that if permission to file is granted to a vexatious litigant plaintiff, the presiding judge or justice may "condition the filing of the litigation upon the furnishing of security *for the benefit of the defendants*." (Italics added.) If a clerk mistakenly files the new litigation without permission from the presiding justice or presiding judge, any party or the court may file "a notice stating *that the plaintiff is a vexatious litigant* subject to a prefiling order as set forth in subdivision (a)," which effectively stays the litigation. (§ 391.7, subd. (c), italics added.) If the court stays the litigation but later grants permission for the filing, the same subdivision states, "*the defendants* need not plead" until 10 days later. (*Ibid.,* italics added.) The italicized language, which the Legislature retained in the 2011 amendment, shows the legislative intent that section 391.7's prefiling requirements apply to unrepresented vexatious litigant *plaintiffs* only, whether in the trial or appellate courts.

In 2011, the Legislature retained its original focus on plaintiffs as vexatious litigants when it added the term "justice" to section 391.7, while making clear that the statute applies to vexatious litigant plaintiffs in both the trial and appellate courts. (Assem. Com. on Judiciary, Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.) as amended Mar. 29, 2011, p. 4; see Sen. Judiciary Com., Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.) as introduced, p. 5.) The Assembly Judiciary Committee explained the amendment's limited purpose: "The Judicial Council notes that it is the practice of the courts to apply the vexatious litigant statute in the

8

Courts of Appeal, even though the current statutory scheme does not include the term 'justice' which would indicate the statute is not applicable to the Courts of Appeal. This bill would add the term 'justice' to clarify that the statute does apply in the Courts of Appeal. Adding the proper terminology will make the statute consistent with case law." (Sen. Judiciary Com., Rep. on Sen. Bill No. 731 (2011-2012 Reg. Sess.) as introduced, p. 5.) This legislative history and retained focus on pre-amendment statutory terms supports *Mahdavi*'s statutory interpretation. (*Mahdavi, supra,* 166 Cal.App.4th at pp. 41-42.) It also supports our holding that the Legislature intended to retain the distinction between a plaintiff and defendant, and thus maintain the traditional understanding of party roles when it added the term "justice" to section 391.7 in 2011. It is clear the Legislature never intended courts to redefine the term plaintiff to include all appellants, regardless of their role in the trial court action.

Chan and amicus curiae County of Tulare urge us to adopt the reasoning of *In re R.H.* (2009) 170 Cal.App.4th 678 (*R.H.*), which treated an appealing defendant as a "plaintiff" under section 391.7 once the appeal is filed. (*R.H.*, *supra*, 170 Cal.App.4th at p. 695.) Chan asserts that under *R.H.*, "a trial level defendant who brings an appeal is considered a plaintiff for purposes of the vexatious litigant statutes and a trial level plaintiff who is a respondent on appeal is a defendant." Chan contends that section 391, subdivision (a) also supports her argument because it includes appeals under its definition of litigation. Chan argues that a defendant who initiates an appeal is in the same position as a plaintiff who files new litigation because he or she controls the issues by paying a new filing fee, receiving a new case number, establishing the issues in their first filing, and bearing the burden on the issues raised. Chan asserts, therefore, that for purposes of the appeal, John acted as a plaintiff who commenced, instituted or maintained a litigation under section 391, subdivisions (a) and (d), and therefore

9

should be considered a plaintiff as defined under section 391, subdivision (d). Chan adds that making a defendant's appeal not subject to the prefiling order process when that defendant has been declared a vexatious litigant in another action is "little more than the exploitation of a loophole by vexatious litigants and, in some sense, undermines the original purpose of these statutes." As we explain, we disagree.

The appellant in *R.H.* was the father of a juvenile in a dependency proceeding filed by the plaintiff Fresno County Department of Children and Family Services. He filed 13 appeals and writ petitions to the dependency court's orders after his minor child was placed in foster care when the child's mother neglected him due to her drug abuse and while the father was incarcerated. (*R.H.*, *supra*, 170 Cal.App.4th at p. 683.) *R.H.* noted that "not only have all 13 appeals and writs been determined adversely to R.H., in five of those cases there was not even an arguable issue." (*Id.* at p. 707.)

The appellate court in *R.H.* declared the appellant a vexatious litigant after finding that "the vexatious litigant law exists not only to help defendants but to curb misuse of the court system." (*R.H.*, *supra*, 170 Cal.App.4th at p. 703.) The *R.H.* court was correct that it had authority to declare the father a vexatious litigant. Section 391 does not prohibit a Court of Appeal from declaring a defendant appellant or writ petitioner to be a vexatious litigant in the first instance during the course of an appeal from litigation the defendant or writ petitioner did not file. (§ 391, subd. (b)(3).)

Having correctly read section 391, subdivision (b)(3) as allowing it to declare the defendant appellant a vexatious litigant in the first instance, *R.H.* went on, in dictum, to address the application of section 391.7, concluding that statute would bar a defendant appellant with a prefiling order against him or her from filing an appeal or writ in the Court of Appeal without permission of the presiding

10

justice. (*R.H., supra,* 170 Cal.App.4th at pp. 694-696.) The facts in *R.H.* did not call for the court to address, as we must in this case, application of the statute's prefiling requirements to previously declared vexatious litigant defendants who appeal from actions they did not initiate. The *R.H.* court reached an untenable conclusion on this point. As already explained, the language of the vexatious litigant statute indicates that the prefiling permission requirement applies to appeals by plaintiffs, not to parties who did not initiate the action in the trial court.[2]

The *R.H.* court relied in part on *McColm v. Westwood Park Assn., supra,* 62 Cal.App.4th 1211, for its dictum on section 391.7. (*R.H., supra,* 170 Cal.App.4th at p. 695.) The appealing vexatious litigant in *McColm*, however, was the plaintiff in the trial court action; the court had no occasion to, and did not, address the question whether section 391.7's prefiling permission requirement applied to an appeal by a party who did not initiate the action below.

Thus, Chan's reliance on *R.H.* is misplaced, and her additional contention that we should reverse the Court of Appeal's judgment in order to "close up" the perceived "loophole" in the Legislature's drafting of section 391.7 is unpersuasive. Changing the language and the intent of the definitions in section 391 and the scope of amended section 391.7 in the statutory scheme to give it Chan's

---

[2]     We disapprove *In re R.H., supra,* 170 Cal.App.4th 678, 694-695, and *McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1217, insofar as they state or imply that section 391.7's prefiling requirements apply to all vexatious litigant appellants and writ petitioners. Additionally, we disapprove language in *Mahdavi v. Superior Court, supra,* 166 Cal.App.4th 32, 41, to the extent it could be interpreted as precluding a Court of Appeal from declaring an in propria persona defendant on appeal to be a vexatious litigant under section 391.

expansive interpretation — defining appealing defendants as plaintiffs and responding plaintiffs as defendants — would ignore the statute's plain words and the 2011 amendment to section 391.7, as well as undermine its reasonable application.

## CONCLUSION

Based on the foregoing analysis, we affirm the Court of Appeal judgment. Section 391.7's prefiling requirements do not apply to a self-represented vexatious litigant's appeal of a judgment or interlocutory order in an action in which he or she was the defendant.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** John v. Superior Court
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 231 Cal.App.4th 347
**Rehearing Granted**

_____

**Opinion No.** S222726
**Date Filed:** May 5, 2016
_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Patti Jo McKay

_____

**Counsel:**

Aleyamma John, in pro. per., for Petitioner.

Charles Kinney as Amicus Curiae on behalf of Petitioner.

Kathleen Bales-Lange, County Counsel (Tulare), Crystal E. Sullivan, Chief Deputy County Counsel, Amy-Marie Costa, Abel C. Martinez and Kevin Stimmel, Deputy County Counsel, as Amici Curiae on behalf of Petitioner.

Cyrus Sanai as Amicus Curiae on behalf of Petitioner.

Ronald Mazzaferro as Amicus Curiae on behalf of Petitioner.

Paul Den Beste as Amicus Curiae on behalf of Petitioner.

David Delman as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Zakari Law, Raymond Zakari; Law Offices of Brian J. Ward and Brian J. Ward for Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Aleyamma John



Kevin Stimmel
Deputy County Counsel
2900 W. Burrel Avenue
Visalia, CA  93291
(559) 636-4950

Ronald Mazzaferro
P.O. Box 536
El Verano, CA  95433
(707) 703-0599

Raymond Zakari
Zakari Law
46 Smith Alley, Suite 200
Pasadena, CA  91103
(626) 793-7328