Filed 12/23/20  P. v. Hibbard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE, | C090609 |
| Plaintiff and Respondent, | (Super. Ct. No. PR940086) |
| v. |  |
| RICHARD HIBBARD, |  |
| Defendant and Appellant. |  |

Defendant Richard Hibbard appeals the denial of his Penal Code section 1170.91[1] petition for resentencing arguing the trial court prejudicially erred in failing to find him eligible for resentencing despite his showing that he may have suffered from substance abuse because of his military service.  Defendant argues nothing in section 1170.91 required him to affirmatively demonstrate that his "substance abuse problems resulted

---

[1] Further undesignated statutory references are to the Penal Code.

1

from military service, but merely to show that a reasonable person could infer that the military service caused or exacerbated the problem." Thus, he reasons that his teenage drug use did not alter that he had established his eligibility for relief by presenting evidence that he had a substance abuse problem in the military, which ultimately resulted in his discharge.

We find defendant is ineligible for resentencing for another, more fundamental reason. As we shall explain, defendant is ineligible for resentencing under section 1170.91 because defendant's indeterminate sentence and sentencing enhancement were not imposed pursuant to section 1170, subdivision (b), thus rendering section 1170.91 inapplicable.

BACKGROUND

On March 17, 1995, a jury convicted defendant of second degree murder (§ 187) and found true the special enhancement that he had used a firearm in the commission of the offense (§ 12022.5, subd. (a)). On May 12, 1995, defendant received a sentence of 15 years to life for the murder and a consecutive term of five years for the firearm enhancement. We affirmed this judgment in an unpublished opinion, *People v. Hibbard* (Mar. 18, 1996, C021065) [nonpub. opn.]. Because this case turns on the ineligibility stemming from defendant's sentence and not the particulars of the crime itself, we will not recount the details of the murder here.

Thereafter, on June 5, 2019, defendant petitioned for modification of his sentence under section 1170.91, arguing his substance abuse and mental health disorder resulting from military service were not considered in mitigation at sentencing. In support of this motion, defendant submitted both pre and postconviction materials, including the presentencing report prepared by probation, as well as certain military records. Defendant argued these materials showed he had no history of alcohol abuse when entering the military, that he began using drugs and alcohol to cope with the stresses associated with being in the military, and that he was ultimately discharged from the

2

military because of that substance abuse. On June 21, 2019, the court appointed a public defender to assist defendant with his petition.

The People filed a written opposition on August 1, 2019, arguing defendant was ineligible for relief because as admitted in his presentence probation report, defendant's substance abuse predated his military service. The People further opposed the petition because section 1170.91 was inapplicable to defendant's sentence of 15 years to life for second degree murder and would be moot as to defendant's sentence for the firearm enhancement because that five-year term had been served first.

On September 30, 2019, the trial court held a hearing on the matter, including argument, ultimately denying defendant's petition. In so ruling, the court noted defendant's substance abuse predated his enlistment in the military and determined that defendant "ha[d] not established that his substance abuse was as a result of his military service." The court continued that even if defendant had established eligibility, the court had reviewed the factors in aggravation and mitigation and would not exercise its discretion at any resentencing to either reduce the firearm enhancement or alter the second degree murder sentence.

Defendant timely appealed.

## DISCUSSION

First enacted in 2014, section 1170.91 created a mechanism for courts to consider mental health and substance abuse problems stemming from military service as a mitigating factor when imposing a determinate term under section 1170, subdivision (b). (See Stats. 2014, ch. 163, § 2 ["If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from . . . post-traumatic stress disorder . . . or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170 . . . ."]; see also § 1170.91, subd. (a) [same].)

3

Effective January 1, 2019, Assembly Bill No. 865 (2017-2018 Reg. Sess.) amended section 1170.91 to extend its application to persons "currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from . . . post-traumatic stress disorder . . . or mental health problems as a result of his or her military service. . . ." (§ 1170.91, subd. (b)(1); see also Stats. 2018, ch. 523, § 1.) Those persons "may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets [certain conditions]. . . ." (§ 1170.91, subd. (b)(1); see also Stats. 2018, ch. 523, § 1.)

"Upon receiving a petition under this subdivision, the court shall determine, at a public hearing held after not less than 15 days' notice to the prosecution, the defense, and any victim of the offense, whether the person satisfies the criteria in this subdivision. At that hearing, the prosecution shall have an opportunity to be heard on the petitioner's eligibility and suitability for resentencing. If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3); see also Stats. 2018, ch. 523, § 1.)

As we noted above, defendant argues on appeal that the trial court prejudicially erred in failing to find him eligible for resentencing despite his showing that he may have suffered from substance abuse because of his military service. However, as highlighted by the People, defendant has not explained how he is eligible for recall of his sentence to an indeterminate term with a firearm enhancement. This presents a question of statutory construction, which we review de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.)

By its plain language, section 1170.91 applies only to terms imposed under section 1170, subdivision (b), which addresses determinate terms. (See § 1170.91, subd. (a) [directing in pertinent part that if the court concludes that a former member of the military "may be suffering from . . . substance abuse . . . as a result of his . . . military

4

service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170"].)  Indeterminate terms, such as a term imposed for murder, are imposed under section 1168, subdivision (b).  (*People v. Felix* (2000) 22 Cal.4th 651, 654-655.)  Further, enhancement terms, like the firearm enhancement here, are imposed pursuant to section 1170.1, subdivision (d).  Therefore, as a matter of law, section 1170.91 does not apply to defendant's sentence consisting of an indeterminate term for murder and its associated firearm enhancement.

## DISPOSITION

The trial court's order denying defendant's petition is affirmed.


                                                             /s/
                                                        BLEASE, J.


We concur:


  /s/
RAYE, P. J.


  /s/
ROBIE, J.


5