Filed 1/22/21  Guy v. Suntrust Bank Holding Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY JOHN GUY, | |
| Plaintiff and Appellant, | G058930 |
| v. | (Super. Ct. No. 30-2019-01085457) |
| SUNTRUST BANK HOLDING COMPANY, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Anthony John Guy, in pro. per., for Plaintiff and Appellant.

Wright Finlay & Zak, T. Robert Finlay and Kathryn A. Moorer for Defendant and Respondent.

\*          \*          \*

Plaintiff Anthony John Guy, representing himself, appeals after the court dismissed his case against SunTrust Bank Holding Company (SunTrust). The court sustained a demurrer to Guy's complaint with leave to amend, but Guy did not file an amended complaint, asserting the demurrer was invalid. SunTrust subsequently applied to dismiss the action with prejudice for failure to amend, and the court granted the application. On appeal, Guy does not seek leave to amend, but continues to argue the demurrer was unauthorized by law, an assertion that is simply inaccurate. Accordingly, we affirm the judgment.

I

FACTS

The facts are not particularly relevant to the issue on appeal. Suffice to say that in July 2019, Guy filed a 38-page complaint alleging, among other things, banking fraud. It is difficult to ascertain the factual basis for the complaint, which seems to be mostly a long list of primarily federal statutes and regulations. Guy claimed entitlement to restitution and "criminal sanctions," for "reinstatement" (of what is not clear) for "treble damages, exemplary damages, whistleblower awards," punitive damages, and injunctive and declaratory relief.

SunTrust, unsurprisingly, filed a demurrer on the grounds that the complaint failed to allege facts sufficient to state any cognizable cause of action and was uncertain, citing Code of Civil Procedure section 430.10, subdivisions (e) and (f).[1] The court's minute order, which reflected the demurrer was unopposed, sustained the demurrer with 30 days' leave to amend. The minute order reflects Guy was present in court and SunTrust timely served notice of the court's ruling.

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

On the date the amended complaint was due (January 8, 2020), Guy filed an untimely opposition to the demurrer that the court had already sustained. (A copy of that opposition is not included in the record, but is reflected in the register of actions). Instead of submitting an amended complaint, Guy sent SunTrust's counsel an e-mail stating SunTrust had not "answered to any or all causes of action." Several weeks later, after counsel noted no amended complaint had been filed and that an application to dismiss would be forthcoming, Guy again informed counsel that SunTrust had filed an "illegal demurrer" and demanded an answer to the original complaint.

Shortly thereafter, SunTrust filed an ex parte application to dismiss the action. Counsel gave notice of the ex parte hearing. A hearing was held with Guy present. The court granted the application and ordered the complaint dismissed, with prejudice, for Guy's failure to timely file a first amended complaint. Guy subsequently filed the instant appeal.

## II

## DISCUSSION

Guy's briefs, unfortunately, fare no better than his complaint in terms of clarity or specificity. They consist mostly of quotations from statutes and legislative history. But as best as we (and SunTrust, based on its brief) can tell, the only issue here involves the construction of section 430.10. To the extent Guy intended to raise any other issue, it is deemed waived for failure to adequately brief it. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Typically, in reviewing a dismissal following a demurrer, we would recite the long-settled standard of review regarding facts in a complaint. (See, e.g., *McBride v. Boughton* (2004) 123 Cal.App.4th 379, 384-385.) But because Guy's only argument is one regarding the interpretation of a statute, our review is de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95-96.)

3

As best we can tell, Guy's legal argument boils down to this: "Section 430.41 . . . restricted a demur[rer] to an answer, not a complaint." We are not certain if Guy's reference to "430.41" is a typographic error. That section refers to meet and confer requirements prior to filing a demurrer.

Assuming Guy intended to argue the adoption of section 430.41 restricted the type of pleadings where demurrers can be filed, he is incorrect. Section 430.41 states that before a demurrer can be filed, the demurring party must meet and confer to see if the disagreements can be resolved. It goes on to state that "[i]f an amended complaint, cross-complaint, or answer is filed, the responding party shall meet and confer again with the party who filed the amended pleading before filing a demurrer to the amended pleading." (§ 430.41, subd. (a).) It does nothing to prohibit answers from being filed to complaints, as Guy seems to contend.

Indeed, section 430.10, the substantive statute regarding demurrers, addresses this directly. It states: "The party against whom a *complaint or cross-complaint* has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: [¶] . . . [¶] (e) The pleading does not state facts sufficient to constitute a cause of action. [¶] (f) The pleading is uncertain. As used in this subdivision, 'uncertain' includes ambiguous and unintelligible." (§ 430.10, subds. (e) & (f), italics added.) As the plain language of the statute makes it clear, demurrers to complaints are permitted.

Guy's argument is even more perplexing as he seems to acknowledge that 1971 amendments to section 430.10, which included cross-complaints among the types of pleadings subject to demurrer, continued to permit demurrers to complaints. Citing the Legislative Committee Comment–Senate 1971 Addition, he quotes: "Comment Section 430.10 continues the grounds for objection to a complaint by demurrer (former Code of Civil Procedure Section 430) or answer (former Code of Civil Procedure Section 433) except that improper joinder of causes of action is no longer a ground for objection."

4

He goes on to add that "[i]n addition, Section 430.10 applies to cross-complaints (which now include claims that formerly would have been asserted as counterclaims) while former Code of Civil Procedure Sections 430 applied only to a 'complaint.'" (Boldfacing & underlining omitted.) What the 1971 amendments did not do, however, was *eliminate* complaints as pleadings subject to demurrer.

There is ample evidence of this from decades of post-1971 cases where the court reviewed complaints where demurrers had been sustained and neither party ever argued, nor did any California court (trial, appellate court, or California Supreme) ever determine that the statute did not permit demurrers to complaints. For just a few of literally hundreds of exemplar cases, see, e.g., *Moore v. Conliffe* (1994) 7 Cal.4th 634; *Staniforth v. Judges' Retirement System* (2014) 226 Cal.App.4th 978; *McKenney v. Purepac Pharmaceutical Co.* (2008) 167 Cal.App.4th 72; *ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825.

In sum, a defendant is permitted to demur to a complaint under section 430.10. Guy offers no other argument as to why the demurrer should not have been sustained on the merits, or why he should be granted leave to amend.

## III

## DISPOSITION

The judgment of dismissal is affirmed.  In the interests of justice, each party is to bear their own costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.