Filed 8/12/21  P. v. Martinez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308793 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA071089) |
| v. | |
| ARMANDO MARTINEZ, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Suzette Clover, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Armando Martinez, Jr. (defendant) filed a petition to vacate his conviction for attempted murder pursuant to Penal Code section 1170.95,[1] as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437).  The trial court summarily denied that petition, and defendant now appeals.  We conclude there was no prejudicial error and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

I.      **Facts[2]**

A.      *The underlying crime*

In 2007, defendant and Natividad Delossantos (Delossantos) got into a fistfight outside of a convenience store with someone they believed to be a member of a rival street gang. While defendant continued the fistfight, Delossantos retrieved a gun from his car.  Upon returning to the fray, Delossantos put the gun to the rival's temple and pulled the trigger two or three times.  The gun only clicked.  The perceived rival ducked back into the store, while Delossantos managed to fire off two or three shots.  All missed.  Defendant and Delossantos fled the scene together, shouting the name of their gang.

---

1      All subsequent statutory references are to the Penal Code, unless otherwise indicated.

2      We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Martinez* (Nov. 23, 2010, B216964).)

2

### B. *Prosecution, conviction and appeal*

In the operative complaint, the People charged defendant with one count of attempted premeditated murder (§§ 664/187, subd. (a)), and three counts of assault with a semiautomatic firearm (§ 245, subd. (b)) as to the perceived rival and other customers in the store. As to all counts, the People alleged that the offenses were committed in association with a criminal street gang (§ 186.22, subd. (b)(1)(B)), and that a principal personally used and discharged a firearm (§ 12022.53, subds. (b) and (e)(1)).

A jury convicted defendant on all counts and found all enhancements to be true.

For the attempted murder, the trial court sentenced appellant to a total of 35 years to life in prison comprised of a life sentence plus 15 years for the gang enhancement plus 20 years for the firearm enhancement. The court stayed the assault count with respect to the intended victim of the attempted murder, but imposed concurrent six-year prison terms for the assaults on the remaining two customers.

## II. Procedural Background

In 2020, defendant filed a motion for resentencing under section 1170.95. The trial court summarily denied the petition, noting that SB 1437 did not eliminate the natural and probable consequences theory of culpability for *attempted* murder.

Defendant timely appealed this denial.

## DISCUSSION

On appeal, defendant argues that the trial court erred in denying his petition for relief under section 1170.95 because (1) the statute provides relief for persons convicted of attempted murder, and (2) construing the statute otherwise denies him equal protection of the laws. Because these arguments turn on

3

questions of statutory construction and constitutional law, our review is de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95; *People v. Zamudio* (2008) 43 Cal.4th 327, 342.)

Defendant is seeking to overturn his *final* conviction of attempted premeditated murder under section 1170.95. The plain language of section 1170.95 forecloses such retroactive relief: Subdivision (a) empowers a person to file a petition seeking to "vacate[]" a "*murder conviction*" (§ 1170.95, subd. (a), italics added), and authorizes a "hearing to determine whether to vacate *the murder conviction*" (*id.*, subd. (d)(1), italics added). The statute says nothing about *attempted* murder.

In his section 1170.95 petition, however, defendant checked the box indicating he was convicted of "murder." This was inaccurate. However, under *People v. Lewis* (July 26, 2021, S260598) ___Cal.5th___ [2021 Cal.Lexis 5258] (*Lewis*), a defendant who files a facially compliant petition and requests the appointment of counsel is entitled to have the trial court appoint counsel and entertain further briefing regardless of whether the record of conviction unequivocally demonstrates that the defendant is not entitled to relief. (*Id.* at p. *15.) Here, defendant's petition was facially compliant and he requested counsel. Thus, *Lewis* dictates the conclusion that the trial court erred in summarily denying defendant's petition.

That being said, *Lewis* also provides that any error in summarily denying a section 1170.95 petition is harmless unless the defendant can show "'"it is reasonably probable that if [he or she] had been afforded assistance of counsel [and briefing] his [or her] petition would not have been summarily denied without an evidentiary hearing."' [Citation.]" (*Lewis*, *supra*, ___Cal.5th___ [2021 Cal.Lexis 5258 at p. *29].)

4

Defendant has not carried this burden because it is not reasonably probable that the outcome of this proceeding would have been any different, even if defendant had counsel and the opportunity for further briefing.  Although the Court of Appeal has split over whether SB 1437—the bill of which section 1170.95 is a part—authorizes trial courts to vacate murder convictions prospectively or to vacate murder convictions that are not yet final (compare *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1092-1093, review granted Nov. 13, 2019, S258175 [SB 1437 does not apply to any attempted murder convictions]; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754, review granted Nov. 26, 2019 (S258234) [same]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222 [same]; *People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445 [same]; *People v. Harris* (2021) 60 Cal.App.5th 557, 566, review granted Apr. 21, 2021, S267529 [same]; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131-1132, review granted Mar. 17, 2021, S266853 [same]; with *People v. Larios* (2019) 42 Cal.App.5th 956, 966, 969-970, review granted Feb. 26, 2020, S259983 [SB 1437 applies to attempted murder prospectively but not retroactively]; *People v. Sanchez* (2020) 46 Cal.App.5th 637, 642, 644, review granted June 10, 2020, S261768 [same]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, 1017-1019, review granted Mar. 11, 2020, S259948 [same], every Court of Appeal panel has agreed that section 1170.95 does not authorize a trial court to retroactively vacate a *final* attempted murder conviction. (*Harris,* at p. 565 ["No court has held that Senate Bill 1437 applies retroactively to final convictions of attempted murder."].)

5

Defendant responds that attempted murder is a lesser included offense to murder, such that SB 1437's narrowing of the definition of murder must necessarily extend to the crime of attempted murder. Even if we accept this proposition as true, it does not overcome our Legislature's intent—as manifested in section 1170.95's plain text—only to extend retroactive relief to final *murder* convictions. Indeed, as explained above, even the decisions that find SB 1437 to reach the crime of attempted murder prospectively or to reach nonfinal convictions agree that SB 1437 does not apply to final attempted murder convictions like defendant's.

In *Love, supra*, 55 Cal.App.5th at p. 288, we specifically rejected the equal protection challenge defendant now mounts. We perceive no reason to depart from our prior analysis.

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ