Filed 8/30/21

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ZUHU WANG et al., | C091011 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34201900259673CUJRGDS) |
| v. | |
| CITY OF SACRAMENTO POLICE DEPARTMENT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Laurie M. Earl, Judge. Reversed.

Antolin Agarwal, Vallejo Antolin Agarwal Kanter, Monty Agarwal, Edwin P. Antolin, and Rachel L. Chanin for Plaintiffs and Appellants.

Susana Alcala Wood, City Attorney, and Melissa D. Bickel and Emilio Camancho, Deputy City Attorneys, for Defendant and Respondent.

The question presented by this appeal is whether a de novo appeal to a superior court pursuant to Government Code section 53069.4 is unavailable to challenge an administrative penalty that exceeds $25,000.[1] Because the statute contains no such

---

[1] Undesignated statutory references are to the Government Code.

1

limitation, we reverse the judgment dismissing the de novo appeal brought by plaintiffs Zuhu Wang and Xiaoyan Yue and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND

In 2018, a Sacramento Police Department administrative penalty of $137,500 was imposed on plaintiffs based on the number of marijuana plants that were found on property they own in excess of what is permitted under Sacramento City Code (City Code) section 8.132.040(B).[2]

Plaintiffs filed an administrative appeal with the City of Sacramento.  After a hearing, a hearing examiner found the penalty was properly issued.  The examiner relied in part on City Code section 8.08.050(A), which states that "[e]very owner of real property within the city is required to manage the property in a manner so as not to violate the provisions of this code and the owner remains liable for violations thereof regardless of any contract or agreement with any third party regarding the property."  The examiner found "[t]he property owner in good faith entrusted the management of his property to an established property management company that failed to adequately follow through with background research on the tenant, and to conduct adequate inspections of the property."  The examiner reduced the administrative penalty to $35,000 "in consideration of the evidence and testimony presented."

Plaintiffs filed a de novo appeal in the superior court pursuant to section 53069.4. The action was designated as an unlimited civil action.

---

[2]  "Regardless of how many people reside in the private residence, no more than six living cannabis plants may be cultivated within the private residence or upon the grounds of the private residence, pursuant to California Health and Safety Code section 11362.1" (City Code, § 8.132.040(B).)  City Code section 8.132.050(C)(2) sets the penalty at "$500 per cannabis plant in excess of the number of plants allowed on the property."

The City[3] moved to dismiss for lack of subject matter jurisdiction, arguing a de novo appeal pursuant to section 53069.4 is unavailable where the amount in controversy exceeds the cap for limited civil cases. The court concluded it had subject matter jurisdiction, but plaintiffs' sole remedy was to challenge the City's decision by petition for writ of administrative mandate under Code of Civil Procedure section 1094.5. Accordingly, the court granted leave to allow plaintiffs to file an amended complaint in the form of a petition for writ of mandate. Alternatively, plaintiffs could stand on the complaint and obtain an appealable judgment.

Plaintiffs did not amend, and the court deemed the motion to dismiss for lack of subject matter jurisdiction to be a demurrer on the ground that the complaint fails to allege facts sufficient to constitute a cause of action. The court sustained the demurrer without leave to amend and dismissed the action.

Judgment was entered dismissing the action with prejudice, and plaintiffs filed a timely appeal.

## II. DISCUSSION

### A. *Standard of Review*

"In reviewing the sufficiency of a complaint against a demurrer, we accept as true all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] When, as here, 'a plaintiff is given the opportunity to amend his complaint and elects not to do so, strict construction of the complaint is required and it must be presumed that the plaintiff has stated as strong a case as he can.' [Citations.] In these circumstances, we will affirm the judgment if the complaint is objectionable on any

---

[3] The City of Sacramento states it was erroneously sued as the City of Sacramento Police Department.

ground raised in the demurrer." (*Drum v. San Fernando Valley Bar Assn.* (2010) 182 Cal.App.4th 247, 251.)[4]

B.    *Section 53069.4*

"Section 53069.4 authorizes local governments to enact an administrative process to enforce violations of any ordinance through the imposition and collection of administrative fines or penalties. [Citation.] The law was intended 'to provide a faster and more cost-effective enforcement mechanism than criminal prosecution for the violation of a local ordinance.' " (*County of Humboldt v. Appellate Division of Superior Court* (2020) 46 Cal.App.5th 298, 305 (*Humboldt*).) The statute provides "[t]he legislative body of a local agency . . . may by ordinance make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty. The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties." (§ 53069.4, subd. (a)(1).)

Section 53069.4, subdivision (b)(1) creates an exception to the general rule that a petition for administrative mandamus, pursuant to Code of Civil Procedure section 1094.5, is "the exclusive remedy for judicial review of the quasi[-]adjudicatory administrative action of local level agencies." (*Saad v. City of Berkeley* (1994) 24 Cal.App.4th 1206, 1211.) In particular, it provides: "Notwithstanding Section 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision of the local agency is made pursuant to an ordinance

---

[4] We reject the City's assertion that we should dismiss this appeal based on plaintiffs' failure to comply with the requirements in California Rules of Court, rule 8.204 regarding the contents and format of their opening brief. The narrow issue presented by this appeal was adequately briefed with sufficient citations to the record. Thus, to the extent there was any technical noncompliance, we will disregard it. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

enacted in accordance with this section regarding the imposition, enforcement, or collection of the administrative fines or penalties, a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence. *A proceeding under this subdivision is a limited civil case.*" (§ 53069.4, subd. (b)(1), italics added.) The question presented by this appeal is whether the italicized language precludes a de novo review of a local code enforcement administration decision that imposes a penalty of over $25,000. We conclude it does not.

"We review questions of statutory construction de novo. [Citation.] 'Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose. [Citation.] We consider first the words of a statute, as the most reliable indicator of legislative intent. [Citation.]' [Citation.] We construe the statute's words in context, and harmonize statutory provisions to avoid absurd results. [Citation.] If we find the statutory language ambiguous or subject to more than one interpretation, we may look to extrinsic aids, including legislative history or purpose to inform our views." (*John v. Superior Court* (2016) 63 Cal.4th 91, 95-96.)

The language at issue provides only a default classification for an action brought pursuant to section 53069.4. It does not preclude an action from being brought as an unlimited civil case. (See Code Civ. Proc., § 89, subd. (a) ["The existence of a statute relating to the authority of the court in a limited civil case does not, by itself, imply that the same authority does or does not exist in an unlimited civil case"].) Since the trial court's ruling, another court of appeal has explained, "[s]ection 53069.4 does not tell the whole story with respect to the appropriate jurisdictional classification of civil cases brought under its terms. Rather, Code of Civil Procedure section 85 additionally provides that '*notwithstanding any statute that classifies an action or special proceeding as a limited civil case*, an action or special proceeding *shall not* be treated as a limited

5

civil case unless *all* of [three] conditions are satisfied.' (Italics added.) The first of these three conditions requires that '[t]he amount in controversy does not exceed twenty-five thousand dollars ($25,000).' (Code Civ. Proc., § 85, subd. (a).) In addition, the relief sought must be of 'a type that may be granted in a limited civil case' (*id*., subd. (b)) and must be 'exclusively of a type described in one or more statutes that classify an action or special proceeding as a limited civil case' (*id*., subd. (c)). Code of Civil Procedure section 85 provides a nonexhaustive list of statutes that classify an action or special proceeding as a limited civil case, a list which includes section 53069.4. (Code Civ. Proc., § 85, subd. (c)(14).) Since it is apparent that the Legislature was aware of section 53069.4 when it adopted new requirements for classification of limited civil actions, and Code of Civil Procedure section 85 expressly supersedes any other statute classifying an action or proceeding as limited, it is ineluctable that a section 53069.4 appeal in which the amount in controversy exceeds $25,000 must be classified as an unlimited civil action." (*Humboldt*, *supra*, 46 Cal.App.5th at pp. 308-309.)[5] Thus, section 53068.4 does not provide that where the amount in controversy exceeds $25,000, a section 53069.4 appeal cannot occur.

The legislative history confirms our reading of the statute. As originally enacted, section 53069.4, subdivision (b)(1) provided, in relevant part: "Notwithstanding the provisions of Section 1094.5 or 1094.6 of the Code of Civil Procedure within 20 days after service of the final administrative order or decision of the local agency is made pursuant to an ordinance enacted in accordance with this section regarding the imposition, enforcement or collection of the administrative fines or penalties, a person

---

[5] "[A]lthough designated an 'appeal' by section 53069.4, the de novo review process authorized by that statute is, in essence, an original proceeding in the superior court reviewing the propriety of a local agency's final administrative decision after hearing to impose fines or penalties." (*Humboldt*, *supra*, 46 Cal.App.5th at p. 311.)

6

contesting that final administrative order or decision may seek review by filing an appeal *to be heard by the municipal court*, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence." (Stats. 1995, ch. 898, § 2, italics added.)

"In the Primary Election of June 2, 1998, the voters enacted Proposition 220, permitting voluntary unification of the municipal and the superior courts, and authorizing amendment of the state Constitution to reflect the related modification of trial and appellate court jurisdiction." (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 763, fn. 2.) Code of Civil Procedure section 85 was enacted as part of subsequent legislation that "provided for the replacement of the concept of municipal court jurisdiction with that of the 'limited civil case,' as part of the unification process authorized in 1998." (*Ibid.*; see Stats. 1998, ch. 931, § 28.) As part of this legislation, the relevant portion of section 53069.4, subdivision (b)(1) was amended to provide that "a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the municipal court *or by the superior court in a county in which there is no municipal court*, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence. *A proceeding under this subdivision is a limited civil case*." (Stats. 1998, ch. 931, § 216, italics added.)

In 2001, the Legislature enacted Code of Civil Procedure section 89, which provides that "[t]he existence of a statute relating to the authority of the court in a limited civil case does not, by itself, imply that the same authority does or does not exist in an unlimited civil case" and vice versa. (Stats. 2001, ch. 44, § 2.)

In 2002, the reference to the municipal court in section 53069.4 was deleted. (Stats. 2002, ch. 784, § 194.) The Legislative history therefore confirms that the phrase "[a] proceeding under this subdivision is a limited civil case" was not added to limit the review available to cases with a dollar amount at issue greater than $25,000 but rather to reflect the unification of the municipal and superior courts. The City nonetheless argues

7

we must construe the statute to contain this limitation because "[i]t is a maxim of statutory interpretation that courts should give meaning to every word of a statute and should avoid constructions that would render any word or provision surplusage." (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1038.) This argument is unpersuasive. The statement "[a] proceeding under this subdivision is a limited civil case" is a default classification as contemplated by Code of Civil Procedure section 85. If the City is suggesting the default classification was somehow unnecessary to articulate (which is not clear from its briefing), this would still not render it a limitation on the trial court's jurisdiction to hear disputes. "Rules such as those directing courts to avoid interpreting legislative enactments as surplusage are mere guides and will not be used to defeat legislative intent. [Citations.] As we already have stressed, the fundamental goal of statutory interpretation is to ascertain and carry out the intent of the Legislature." (*People v. Cruz* (1996) 13 Cal.4th 764, 782.) Nothing in the statutory text or the legislative history suggests the Legislature intended to limit de novo appeals only to penalties of $25,000 or less. The trial court erred in construing the statute to impose this limitation.

We cannot affirm the judgment, as the City suggests, on the basis that plaintiffs have failed to show the trial court's error was sufficiently prejudicial to justify reversal. The trial court entirely foreclosed the de novo appeal that plaintiffs were entitled to by law. The suggestion that plaintiffs should have filed a petition for writ of administrative mandate and proceeded through a more deferential review process before appealing the trial court's decision is not one the law requires plaintiffs to take. (Cf. *County of Santa Clara v. Atlantic Richfield Co*. (2006) 137 Cal.App.4th 292, 312 ["When a demurrer is sustained with leave to amend, and the plaintiff chooses not to amend but to stand on the complaint, an appeal from the ensuing dismissal order may challenge the validity of the intermediate ruling sustaining the demurrer. [Citation.] On the other hand, where the plaintiff chooses to amend, any error in the sustaining of the demurrer is ordinarily

waived"].) Moreover, plaintiffs have raised significant questions about the penalty imposed on them, and the hearing examiner's determination that the original penalty was properly issued but that more than $100,000 should be eliminated, "in consideration of the evidence and testimony presented," indicates the ultimate penalty imposed is one that a different judge, using a de novo standard of review, may not arrive at. Thus, the trial court's error in determining de novo review was unavailable must be reversed. (See Cal. Const., art. VI, § 13.)

## III. DISPOSITION

The judgment is reversed. The matter is remanded for further proceedings consistent with this opinion. Plaintiffs Zuhu Wang and Xiaoyan Yue shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

HOCH, J.

9