Filed 1/6/25  P. v. Gallegos CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN DE DIOS GALLEGOS III,<br><br>    Defendant and Appellant. | 2d Crim. No. B334097<br>(Super. Ct. No. 2019017979)<br>(Ventura County) |

Juan De Dios Gallegos was convicted, by jury, of the second degree murder of Michael James Holley.  He was sentenced to a term of 36 years to life including, among other enhancements, a one-year enhancement for having served a prior prison term that was imposed and stayed by the trial court.  (Pen. Code, § 667.5, subd. (b).)[1]  We affirmed the conviction in an unpublished opinion.  (*People v. Gallegos*, Dec. 16, 2020,

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

B303623.)  Three years later, the California Department of Corrections and Rehabilitation identified appellant as an individual potentially eligible for resentencing under section 1172.75.  After appointing counsel and holding a hearing, the trial court declined to resentence appellant.  Appellant contends the trial court erred.  We reverse.

*Facts*

Appellant used his pickup truck to intentionally run down Michael Holley, who had been standing in an alley talking with a couple of friends.  Appellant drove away without stopping. Holley died from his injuries.

*Discussion*

Appellant contends he is entitled to a "full resentencing" under section 1172.75 because his original sentence includes a one-year section 667.5, subdivision (b) prior prison term enhancement.  Respondent contends appellant is not eligible for resentencing because the trial court stayed the enhancement term.  The question whether section 1172.75 requires resentencing where the enhancement term is imposed and stayed is currently pending before our Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*) and *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189.

*Rhodius* held that section 1172.75 authorizes resentencing where a prior prison term enhancement has been imposed and executed, but not where the enhancement is imposed and stayed.  *Christianson* reached the opposite conclusion, holding that the statute requires resentencing where the enhancement has been imposed and stayed.  We agree with *Christianson*.

2

In interpreting section 1172.75, our fundamental task is "'to determine the Legislature's intent so as to effectuate the law's purpose. . . .'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165.)  We look first to the plain language of the statute, giving the words used their usual and ordinary meaning, because the wording of the statute is the most reliable indicator of legislative intent.  (*John v. Superior Court* (2016) 63 Cal.4th 91, 95; *People v. Sorden* (2021) 65 Cal.App.5th 582, 610.)  When the words of the statute are ambiguous, we resolve the ambiguities by "'examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes . . . .'" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126 (*Gonzalez*).)  "'In considering the purpose of legislation, statements of the intent of the enacting body contained in a preamble, while not conclusive, are entitled to consideration. . . .'" (*Carter v. California Dept. of Veterans Affairs* (2006) 38 Cal.4th 914, 925.)

Section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid."  This provision is ambiguous because the term "imposed," can mean either imposed and executed, or imposed and stayed.  (*Gonzalez, supra,* 43 Cal.4th at p. 1125.)

The preamble to Senate Bill No. 483 (2020-2021 Reg. Sess.), which became section 1172.75, states that it is the intent of the Legislature to apply the statute "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements."  (Stats. 2021, ch. 728, § 1.)

3

*Conclusion*

Because appellant did not receive a "full resentencing," the trial court's November 3, 2023 order denying the request for resentencing is reversed.

NOT TO BE PUBLISHED.


                                    YEGAN, Acting P. J.

We concur:


        BALTODANO, J.


        CODY, J.

4

David R. Worley, Judge

Superior Court County of Ventura

_____

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Shezad H. Thakor, Deputy Attorney General, for Plaintiff and Respondent.