Filed 7/26/22  P. v. Gumienny CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GARTH JASON GUMIENNY,<br><br>    Defendant and Appellant. | D079359<br><br><br>(Super. Ct. No. SCE289767) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Adrian R. Contreras and Melissa Mandel, Deputy Attorneys General, for Plaintiff and Respondent.

After Garth Jason Gumienny entered a stipulated plea agreement and began serving his sentence, Assembly Bill No. 865 (Assembly Bill 865) (2017-

2018 Reg. Sess.) amended Penal Code[1] section 1170.91 to offer resentencing relief for those who had military-related mental health and substance abuse problems. Gumienny contends he is entitled to this relief and challenges the court's denial of his request. He argues that nothing in the statute prevents the court from resentencing him, even though his plea agreement included a stipulated sentence. We conclude that Gumienny is ineligible for resentencing relief under section 1170.91, subdivision (b). We affirm the judgment.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

In 2009, the People charged Gumienny with one count of oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b)) and 10 counts of lewd or lascivious acts upon a child under age 14 (§ 288, subd. (a).)[2] He pled guilty to one count of sexual penetration with a child under 10 years of age (§ 288.7, subd. (b); count 1) and one count of a lewd act upon a child under age 14 (§ 288, subd. (a); count 2), and the People dismissed the remaining counts. As part of the plea agreement, the parties agreed to a stipulated prison sentence of 21 years to life.

The court sentenced Gumienny to an indeterminate term of 21 years to life on count 1 and a determinative, concurrent term of six years on count 2. In 2017, a correctional case records analyst notified the court that there was an error in sentencing on count 1 and asked the court to clarify the sentence. The court modified the abstract of judgment to reflect an indeterminate term

---

[1] Further section references are to the Penal Code.

[2] The underlying facts of the conviction are not relevant to this appeal.

of 15 years to life on count 1 and a determinative, consecutive term of six years on count 2.

In 2021, Gumienny filed a petition for resentencing on count 2 of his plea under section 1170.91, subdivision (b) for military-related post-traumatic stress disorder (PTSD.) Gumienny claimed that he served in the military, he suffered from PTSD as a result of his service, the court did not consider his military-related PTSD during sentencing, and the court sentenced him before January 1, 2015. In addition, he argued that the record was ambiguous as to whether the six-year consecutive term for count 2 was a stipulated term, and thus the court should not deny the petition.

At the hearing, the court explained that sentencing Gumienny to 21 years to life on count 1 "was a mistake that [it] made when [it] articulated his sentence," and thus the sentence was "an unlawful sentence because you can't sentence somebody to 21 years to life . . . on that particular charge." The court further clarified that it did not change Gumienny's sentence. Rather, it "impos[ed] the plea agreement with a lawful sentence." Therefore, the court concluded that "[the correction] didn't change [Gumienny's] sentence because that's what he bargained for." The court denied Gumienny's petition for resentencing.

Gumienny filed a timely notice of appeal.

II

DISCUSSION

Gumienny contends the court erred by denying his request for resentencing because he meets the requirements of section 1170.91, subdivision (b), and his plea agreement does not prevent application of that statute.

3

We examine a statutory interpretation issue de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)  When a case requires statutory interpretation, "our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) First, we examine the statutory language's plain meaning. (*Ibid.*)  "If the statutory language is unambiguous, then its plain meaning controls." (*People v. Cole* (2006) 38 Cal.4th 964, 975.)  Additionally, "[c]ourts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage." (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 22.)  However, "if [the statutory language] is ambiguous, we may then turn to other tools to divine the Legislature's intent." (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1079.)  To discern the Legislature's intent, "we may look to extrinsic aids, including legislative history or purpose to inform our views." (*John v. Superior Court* (2016) 63 Cal.4th 91, 96.)

## A.  Assembly Bill 865

Assembly Bill 865 amended section 1170.91 and expanded resentencing relief for convicted felons so that military-related mental health and substance abuse problems could be considered as a mitigating factor in sentencing.  Under subdivision (a), "[i]f the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)  "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military . . . may petition for a recall of

4

sentence, before the trial court that entered the judgment of conviction in his or her case" if he or she meets two requirements. (§ 1170.91, subd (b)(1).) First, "[t]he circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing." (§ 1170.91, subd. (b)(1)(A).) Second, "[t]he person was sentenced prior to January 1, 2015." (§ 1170.91, subd. (b)(1)(B).) After receiving a section 1170.91 petition, "the court shall determine, at a public hearing . . . whether the person satisfies the criteria in this subdivision." (§ 1170.91, subd. (b)(3).) "If the person satisfies the criteria, the court may, in its discretion, resentence the person following a resentencing hearing." (§ 1170.91, subd. (b)(3).)

Several appellate courts have recently considered the implications of Assembly Bill 865. In *People v. King* (2020) 52 Cal.App.5th 783, 786-787 (*King*), a panel of this court contemplated the plain meaning of the statute in evaluating whether a trial court's summary denial of a petition for resentencing under section 1107.91, subdivision (b) resulted in a prejudicial error when the defendant agreed to a stipulated sentence. There, the defendant pled guilty to five counts of forcible lewd acts upon a child, and the People dismissed the remaining counts. (*King*, at p. 787.) The parties agreed to a stipulated sentence of 30 years in prison. (*Ibid.*) The defendant filed a petition for resentencing pursuant to section 1170.91, subdivision (b), and the trial court denied the petition without holding a hearing. (*King*, at p. 787.)

We held: "Based on the rule that the trial court is not permitted to diverge from the stipulated sentence agreed upon by the parties and approved, as a final matter, by the court [citation], the trial court considering a petition for resentencing under section 1170.91, subdivision (b)(1), is simply

5

unable to take into account *any* factors in mitigation to diverge from the stipulated sentence for a specific prison term agreed upon in a plea agreement." (*King, supra,* 52 Cal.App.5th at p. 793.) "[I]t is clear from the statutory language itself that the Legislature cannot have intended the resentencing relief that it enacted in section 1170.91, subdivision (b)(1) to apply to petitioners who, like [the defendant], were sentenced according to a stipulated sentence." (*Ibid.*) Consequently, because the defendant in *King* agreed to a plea with a stipulated prison term, the trial court "would be precluded from considering [the defendant's] mental health and substance abuse problems in mitigation and imposing a lesser prison sentence." (*Id.* at p. 791.)

Two other courts of appeal have followed the reasoning provided in *King.* In *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), the defendant pled no contest to three counts of second-degree robbery with additional firearm enhancements and agreed to a stipulated prison term. (*Id.* at p. 1102.) The People dismissed the remaining counts as a result. (*Ibid.*) Additionally, in *People v. Pixley* (2022) 75 Cal.App.5th 1002 (*Pixley*), the defendant pled guilty to six counts of a forcible lewd act on a child under 14 and agreed to a stipulated prison term. (*Id.* at p. 1004.) The People dismissed the remaining counts as a result. (*Ibid.*)

The defendants in *Brooks* and *Pixley* each filed petitions for resentencing under section 1170.91, subdivision (b), and the trial courts in each case denied the petitions. (*Brooks, supra,* 58 Cal.App.5th at p. 1103; *Pixley, supra,* 75 Cal.App.5th at p. 1005.) Both appellate courts found that "the resentencing authority conferred by section 1170.91, subdivision (b) is inherently incompatible with the recognized finality of plea agreements to a specified term of years." (*Brooks,* at p. 1109; see also *Pixley,* at p. 1008.)

6

## B. Analysis

We agree with the prior caselaw, and we will apply it here. Similar to *King*, *Brooks*, and *Pixley*, Gumienny pled guilty to two counts (§ 288.7, subd. (b); count 1; § 288, subd. (a); count 2), and he agreed to a stipulated prison term of 21 years to life. In exchange, the People dismissed the remaining counts. Gumienny's arguments fail here, as they did in prior cases, because the Legislature intended to exclude defendants with stipulated plea agreements from obtaining section 1170.91 resentencing relief. As emphasized in *King*, because a trial court must adhere to a stipulated plea agreement, it cannot "take into account *any* factors in mitigation to diverge from the stipulated sentence," when resentencing a petitioner under section 1170.91. (*King, supra*, 52 Cal.App.5th at p. 793.) Thus, the statute does not support Gumienny's contention that the trial court may still consider his potential military-related PTSD as a mitigating factor when he previously agreed to a stipulated sentence.

Although the trial court initially imposed an unauthorized sentence,[3] this does not affect Gumienny's ineligibility for resentencing under section 1170.91 in this case because it is a "well-settled rule of law that an illegal sentence may be corrected at any time" (*People v. Reyes* (1989) 212 Cal.App.3d 852, 857), and here the court corrected the sentence without altering the stipulated term of 21 years to life. Therefore, Gumienny remains ineligible for resentencing under section 1170.91, subdivision (b) for count 2 of his plea agreement.

---

[3]  A sentence is unauthorized when it "could not lawfully be imposed under any circumstance in this particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Under section 288.7, subdivision (b), the authorized penalty for sexual penetration with a child under 10 years old is a term of 15 years to life in state prison. (§ 288.7, subd. (b).)

7

Gumienny asks us to follow the reasoning of the *Brooks* dissent. Additionally, Gumienny contends that the rule in *Doe v. Harris* (2013) 57 Cal.4th 64 (*Doe*) applies here, and he requests we apply the high court's statutory construction in *Harris v. Superior Court* (2016) 1 Cal.5th 984 (*Harris*) to section 1170.91. However, those rules are inapplicable to this case.

In a dissenting opinion in *Brooks*, Justice Polluck concluded that a trial court maintains some discretion in a stipulated sentence: "[A]lthough the trial court may not modify the plea agreement by unilaterally altering its terms, the court does retain the authority to withdraw its approval of the plea agreement." (*Brooks, supra,* 58 Cal.App.5th at pp. 1111-1112 (dis. opn. of Polluck, J.).) Therefore, he reasoned that a request for resentencing under section 1170.91, subdivision (b) by a defendant who agreed to a stipulated sentence as part of a plea agreement would not be "an idle act." (*Brooks,* at p. 1111.) Gumienny implies that this view is supported by *Doe.* In *Doe,* the high court found that parties who enter into plea agreements are not insulated "from changes in the law that the Legislature has intended to apply to them." (*Doe, supra,* 57 Cal.4th at p. 66.)

We decline to apply these views in this case because, as we explained in *King,* the statutory language of section 1170.91 demonstrates that the Legislature did not intend for resentencing relief to apply to defendants who agreed to a stipulated sentence. (*King, supra,* 52 Cal.App.5th at p. 793.) Accordingly, because of the "long-standing law that a court cannot unilaterally modify an agreed-upon term," it follows that the Legislature did not intend to contradict this practice by permitting a court to resentence petitioners who agreed to a stipulated term. (*People v. Stamps* (2020) 9 Cal.5th 685, 701; *King,* at p. 793.)

Further, *Harris* is distinguishable. There, the high court addressed resentencing under Proposition 47, which reduced certain nonviolent felonies to misdemeanors, in order to extend resentencing relief to defendants with plea agreements. (*Harris*, *supra*, 1 Cal.5th at p. 991.) The Supreme Court found that Proposition 47's explicit reference to convictions by plea extended resentencing relief to "all eligible defendants," including those with underlying plea agreements. (*Ibid*.) However, as *Brooks* and *Pixley* pointed out, Proposition 47 is unique because it requires the resentencing court to "reject stipulated plea agreements categorically under retroactively conferred resentencing authority, thus eliminating the legal basis for the conviction." (*Brooks*, *supra*, 58 Cal.App.5th at p. 1107; *Pixley*, *supra*, 75 Cal.App.5th at pp. 1006-1007.) Here, relief under section 1170.91 "does not eliminate the legal basis for [the] conviction or grant the trial court unfettered discretion to reconsider an aspect of [the] sentence that would in turn affect [the] plea bargain." (*Brooks*, at p. 1107.) Instead, under section 1170.91 the court may only "take certain mitigating factors into account, and only insofar as the court is otherwise permitted to exercise discretion in the selection of a low, middle, or high term from within the applicable sentencing triad." (*Brooks*, at p. 1107; see also *King*, *supra*, 52 Cal.App.5th at p. 792 [finding appellant's reliance on *Harris* flawed "because of fundamental differences in the type of relief provided to a petitioner under section 1170.91, subdivision (b)(1)"].)

Gumienny is not entitled to resentencing relief because he agreed to a plea that included a stipulated sentence. Thus, the trial court did not err in denying his petition for resentencing.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

IRION, J.

10