Filed 5/31/23  Marriage of Richards CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of RYAL W. and ALICIA MARIE RICHARDS.<br><br>RYAL W. RICHARDS,<br><br>    Respondent,<br><br>        v.<br><br>ALICIA MARIE RICHARDS,<br><br>    Appellant. | G060576<br><br>(Super. Ct. No. 15D009634)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael J. Naughton, Judge.  (Retired judge of the Orange County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.  All pending motions dismissed.

Alicia Marie Richards, in pro. per., for Appellant.

Law Offices of Kevin E. Robinson and Kevin E. Robinson for Respondent.

In October 2020, after years of postjudgment litigation in this marriage dissolution case between Alicia Marie Richards and Ryal W. Richards, the trial court (Judge Andre De La Cruz) deemed Alicia a vexatious litigant under Code of Civil Procedure section 391, subdivision (b)(3).[1]  Pursuant to section 391.7, the court ordered her to obtain prior approval from the presiding judge before filing any new documents in propria persona.  Several months later, the court (Judge Michael J. Naughton) dismissed four motions Alicia had filed before she was declared a vexatious litigant because she had not obtained the presiding judge's approval to file them.  On appeal, Alicia challenges the dismissal of her motions, contending, inter alia, that she was not required to comply with prefiling requirements for these motions because she filed them before she was declared a vexatious litigant.

On March 2, 2023, during the pendency of this appeal, Alicia filed a substitution of attorney in the superior court, reflecting that she was now represented by counsel.  This court issued an order (1) informing the parties of its intent to take judicial notice of this document, (2) affording them time to file an opposition, and (3) instructing them to submit letter briefs addressing whether this appeal should be dismissed as moot because Alicia was no longer self-represented below.

In her response, Alicia objects to judicial notice on the ground that the substitution of attorney is irrelevant to this appeal.  She further contends the appeal is not moot because this court could provide effective relief by vacating the trial court's order dismissing her motions.[2]  Having considered Alicia's response, we take judicial notice of the substitution of attorney reflecting that Alicia is no longer self-represented before the

---

[1]     All further statutory references are to the Code of Civil Procedure.  We refer to the parties by their first names to avoid confusion.

[2]     Ryal filed no response to this court's order, despite the order's instruction that he file a letter brief addressing mootness.  We caution his counsel that, in the future, failure to comply with this court's orders could result in sanctions.

superior court.  (Evid. Code, §§ 459 [reviewing court may take judicial notice of matters listed in Evid. Code § 452], 452, subd. (d) [records of any California court are judicially noticeable].)  As discussed below, Alicia's representation by counsel renders this appeal moot.

"""""An appellate court will not review questions which are moot and which are only of academic importance." [Citations.]  A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire that prevent the appellate court from granting any effectual relief.' [Citation.]  The legal test for effective relief is whether there is a 'prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]" (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1053 (*Delta*).)  We decide actual controversies and do not entertain speculative or theoretical questions.  (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1490.)

"The vexatious litigant statutory scheme (. . . §§ 391-391.7) applies exclusively to self-represented litigants.  Section 391.7, subdivision (a), authorizes a trial or appellate court to enter . . . a prefiling order that prohibits a self-represented vexatious litigant from 'filing any new litigation in the courts of this state . . . without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed.' [Citation.]" (*John v. Superior Court* (2016) 63 Cal.4th 91, 93, fn. omitted (*John*).)

Because Alicia is represented by counsel below, the vexatious litigant statutory scheme and the trial court's orders under that scheme impose no current restriction on her (*John*, *supra*, 63 Cal.4th at p. 93):  nothing prevents her from refiling and litigating her prior motions through her counsel.  Under these circumstances, the dismissal of her motions operated essentially as an order taking the motions off calendar, which is generally not appealable.  (See *M.G. Chamberlain & Co. v. Simpson* (1959) 173 Cal.App.2d 263, 281 & fn. 1 [postjudgment order and placing motion off calendar was nonappealable].)  By the same token, were we to vacate the court's order, Alicia would

3

be unable to litigate her motions except through her counsel.  "As a general rule, parties who are represented in court by counsel of record are required to proceed in court through their counsel."  (*In re Barnett* (2003) 31 Cal.4th 466, 471.)  "'The attorney of record has the exclusive right to appear in court for his client and neither the party himself nor another attorney should be recognized by the court in the conduct or disposition of the case.'  [Citation.]"  (*McMillan v. Shadow Ridge at Oak Park Homeowner's Association* (2008) 165 Cal.App.4th 960, 966.)  No remedy we could provide would have any practical, tangible impact on the parties.  We therefore dismiss this appeal as moot.[3]  (See *Delta*, *supra*, 48 Cal.App.5th at p. 1053.)

DISPOSITION

This appeal is dismissed as moot.  Each party shall bear its own costs on appeal.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


DELANEY, J.

---

[3]  We likewise dismiss all pending motions as moot.

4