Filed 2/7/24  P. v. Sciosciole CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C097857 |
| Plaintiff and Respondent, | (Super. Ct. No. 62098019) |
| v. | |
| EDWARD FRANCIS SCIOSCIOLE, | |
| Defendant and Appellant. | |

In 2011, a jury found defendant Edward Francis Sciosciole guilty of robbery. (Pen. Code, § 211.)[1]  It found true enhancements defendant had three prior serious felony convictions (§§ 667, subd. (b)-(i)), 1170.12).  The trial court sentenced defendant to 30 years to life.  Ten years later, the Secretary (Secretary) of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that defendant's sentence be recalled under section 1172.1 due to his exceptional conduct in prison.  The trial court recalled the sentence and vacated the three prior serious felony enhancements,

---

[1]     Undesignated statutory references are to the Penal Code.

1

but refused to dismiss the prior strike allegations. Defendant argues the trial court erred in refusing to reduce his sentence further. We will affirm.

I

BACKGROUND

We take the facts of this case from our prior decision. (*People v. Sciosciole* (Apr. 13, 2012, C068877) [nonpub. opn.].)[2]

In April 2010, defendant walked into a bank, approached the bank service manager, and showed the manager a note demanding money. The note stated, "This is a robbery." The manager was frightened, opened the money drawer, and gave defendant $3,810. While the manager was collecting the money, defendant said he wanted all the money, did not want any tracking or dye packs, or any funny business. Defendant took the money and left the bank. Defendant was found at a nearby hotel and identified as the robber. (*People v. Sciosciole*, *supra*, C068877.)

As to the first prior strike offense, on July 1, 2004, defendant went into a hair salon and demanded money from the victim while holding a razor near her throat.[3] The victim gave defendant the salon's earnings for the day.

As to the second strike, on July 2, 2004, defendant went into a bookstore and demanded money from the clerk while threatening her with a knife. The clerk opened the cash register, and defendant took all the money. Defendant said he would stab the clerk if she said anything.

When he was arrested, defendant admitted to committing both robberies. Defendant later pleaded no contest to two counts of robbery (§ 211) and one count of

---

**2** On our own motion, we augmented the record in this case to incorporate by reference the decision in defendant's prior appeal. (Cal. Rules of Court, rule 8.155.)

**3** The details of the prior strike convictions come from the prosecution's memorandum filed in the resentencing proceedings.

criminal threats (§ 422).  The trial court sentenced him to five years eight months, and defendant was paroled in July 2009.

Defendant also had two domestic violence convictions that predated the two robbery convictions.  In the first case in 1997, defendant entered his estranged wife's home and punched her in the head.  He also pulled the phone away from her when she tried to call 911.  Defendant punched the estranged wife's boyfriend in the face as he tried to help the victim.  For this, defendant was convicted of violating section 273.5 and placed on felony probation.

In the second case in 2001, defendant attacked his estranged wife again as she was driving him to a treatment center.  Defendant grabbed her by the throat and tried to twist her neck.  Defendant was convicted of assault (§ 245, subd. (a)(1)) and again placed on probation.

The record reflects that defendant committed the second domestic violence offense while he was on probation, violated his parole three times in 2009, and committed the current offense while he was on parole supervision.

In the current case, the jury found defendant guilty of robbery.  (§ 211.) Defendant admitted his three prior strike convictions and the four prison priors.  The trial court imposed a sentence of 30 years to life, which included a five-year determinate term for the prior serious felony enhancement under section 667, subdivision (a), and an indeterminate three-strikes sentence of 25 years to life.  The trial court also imposed but stayed two additional prior serious felony enhancements (§ 667, subd. (a)) and a one-year prior prison term enhancement (§ 667.5).  The court imposed various fines and fees, including a $3,000 restitution fine under section 1202.4 and a stayed parole revocation restitution fine of $3,000 under section 1202.45.  This court affirmed appellant's conviction on appeal.  (*People v. Sciosciole*, *supra*, C068877.)

In December 2021, the Secretary sent a letter to the trial court recommending that defendant's sentence be recalled and defendant be resentenced.[4]  The Secretary's letter stated defendant had "remained disciplinary free since being received to [CDCR] on August 11, 2011.  [Defendant] is currently assigned as a Teacher's Aide and his current supervisor notes [defendant's] performance as exceptional.  [Defendant] also participates in Alternatives to Violence as a Facilitator, Veterans In Prison groups, and is currently enrolled in community college courses."  The letter went on to relay that defendant had passed the GED test and obtained a high school diploma.  In closing, the Secretary stated, "Having reviewed the enclosed documentation it appears that [defendant's] sentence warrants the attention of the court.  Pursuant to . . . section 1170, [s]ubdivision (d)(1), as the Secretary, I recommend [defendant']s sentence be recalled and that he be resentenced."

The trial court appointed counsel for defendant, received briefing, and held a hearing.  That briefing included documents showing positive things defendant had done in prison over the past 10 years, letters of recommendation, a letter of accountability from defendant, a reentry plan, and a relapse prevention plan.  Defendant requested that the trial court strike the section 667, subdivision (a)(1) enhancement, dismiss two of his prior strikes, and resentence him to a determinate term of 10 years in prison based on a conviction for robbery doubled due to a single strike.

In response, the People acknowledged, "[r]ecent statutory changes have given courts the authority to review the sentence of a state prison inmate and to consider post-

---

[4]    Effective January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) "moved the recall and resentencing provisions of former section 1170 [, subdivision] (d)(1) to new section 1170.03."  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038; Stats. 2021, ch. 719, § 3.)  Section 1170.03 was later recodified without substantive change as section 1172.1.  (Stats. 2022, ch. 58, § 9; *People v. Braggs* (2022) 85 Cal.App.5th 809, 818 (*Braggs*).)  Although the original notice from the Secretary cited section 1170, we will refer to the new section 1172.1 throughout this opinion.

conviction conduct when determining if and when to resentence an offender." The People argued defendant remained within the spirit of the Three Strikes law. The People also conceded, however, that defendant's efforts "to address the root causes of [his] criminal behaviors are worthy of recognition during this resentencing process." The People suggested this recognition could be best accomplished by staying the five-year prison term under section 667, subdivision (a), and resentencing defendant to 25 years to life.

At the hearing, the trial court advised the parties it had reviewed their submissions. The court read the Secretary's letter into the record. The court noted this request came under section 1172.1 and acknowledged its obligations under the resentencing law and stated it would move forward with the resentencing. In this vein, the trial court vacated all the five-year prior serious felony enhancements, both the imposed term and the two imposed but stayed terms.

Pursuant to defendant's request, the trial court also reexamined the Three Strikes portion of defendant's sentence. It reviewed defendant's conduct in the robbery, his prior strikes, the timing of the strikes, the timing of his prior criminal conduct, and its relation to his performance while he was on probation and parole. The court noted it had an obligation to consider defendant's prior conduct, the rights of defendant, the rights of society, and factors peculiar to defendant to determine whether defendant fell outside of the Three Strikes scheme. The court considered defendant's character and early life, including the "abuse he suffered, the conduct that he was subjected to as a young person, [and] some of the challenges he had related to family circumstances." It also considered his history of drug addiction. The court examined defendant's prospects for the future, which were difficult to predict. The trial court commended defendant's willingness to participate in rehabilitation programs and his engagement in every opportunity possible to better himself. The trial court declined to strike defendant's strike priors.

In its resentencing, the trial court also modified the restitution fine under section 1202.4 from $3,000 to $300 and ordered any money paid toward the prior $3,000 restitution fine to be refunded to defendant. It likewise reduced the stayed parole revocation fine from $3,000 to $300.

Defendant filed a timely notice of appeal.

## II

## DISCUSSION

Defendant raises several arguments concerning the trial court's resentencing. He first argues the trial court erred in denying the Secretary's petition without finding that he posed an unreasonable risk of danger and asks us to review the matter de novo. Next, defendant argues the trial court erroneously failed to consider several of defendant's characteristics when it resentenced him. Defendant also asserts that the trial court erroneously failed to issue a statement of reasons for denying the Secretary's petition. According to defendant, the record is ambiguous as to whether the trial court understood its discretion in resentencing the defendant. Finally, defendant asserts the above errors constitute prejudice to defendant and a denial of due process. We disagree with all of these contentions.

A.    *Standard of Review and the Trial Court's Decision*

Defendant first argues we should review de novo the trial court's failure to make findings defendant was an unreasonable risk of danger to the public before refusing to recall defendant's sentence and resentence him. We examine the legal issues de novo and conclude the trial court did not err.

Under section 1172.1, subdivision (a)(1), upon the recommendation of the Secretary, the trial court may "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." When recalling and resentencing

6

a defendant, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) The court may reduce the term by modifying the sentence. (§ 1172.1, subd. (a)(3)(A).) Section 1172.1, subdivision (b)(2), provides, "There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."

To the extent we interpret the legal effect of the statutory language of section 1172.1, our standard of review is de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.) But the law remains settled that we review the trial court's discretionary resentencing determinations for abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.)

Defendant argues the trial court erroneously denied CDCR's petition to recall this sentence and resentence defendant without finding that he posed an unreasonable risk of danger to public safety. The language of the statute provides a presumption in favor of recall and resentencing unless the trial court makes the specified findings. Here, the trial court both recalled defendant's sentence and resentenced him. When it resentenced him, it removed three five-year terms (two of which were stayed), reduced the amount of the restitution fine, and stayed the parole revocation fine from $3,000 to $300. Defendant confuses the argument that the trial court erred in denying his preferred new sentence (which it did) with the argument that it erred by denying the *recall* of a sentence and resentencing in the first place (which it did not). In recalling defendant's sentence and resentencing him, the trial court necessarily applied the statutory presumption in defendant's favor and concluded that it had not been overcome. (Cf. *Braggs*, *supra*, 85 Cal.App.5th at pp. 819-820 [§ 1172.1 includes a presumption for recall and

7

resentencing a defendant, not a presumption of resentencing the defendant to a particular term].)

Defendant acknowledges *Braggs*, *supra*, 85 Cal.App.5th 809, but urges us not to follow that court's reasoning. Defendant argues the *Braggs* ruling is at odds with the plain language of the statute and allows trial courts to continue to engage in a cursory review of resentencing petitions that the Legislature sought to end when it enacted section 1172.1. We disagree.

In *Braggs*, the CDCR recommended recall and resentencing of the defendant in that case due to recent changes in the laws governing the enhancements under which defendant was sentenced. (*Braggs*, *supra*, 85 Cal.App.5th at pp. 813-814.) After initially declining to resentence the defendant, the trial court recalled the defendant's sentence and resentenced him. (*Id.* at pp. 814-815.) On appeal, the defendant argued the court failed to apply the new statutory " 'presumption favoring recall and resentencing' " that went into effect days before the resentencing hearing. (*Id.* at p. 816.) Alternatively, he argued, "the court's denial was . . . an abuse of discretion because nothing in the record supports a finding that he is an unreasonable risk of danger to public safety." (*Id.* at pp. 818-819.) The *Braggs* court concluded the defendant was not prejudiced because "[t]he court in this case in fact *recalled* [the] defendant's sentence and *resentenced* him." (*Id.* at p. 819.)

Although the trial court in *Braggs* did not strike the enhancement discussed in the Secretary's recommendation, the appellate court concluded that "nothing in former section 1170.03 or current section 1172.1 provides for a presumption in favor of the Secretary's *particular* recommended sentence. Rather, the statute provides for a presumption regarding recalling and resentencing a defendant, but not a presumption as to a particular sentence recommended by the Secretary." (*Braggs*, *supra*, 85 Cal.App.5th at p. 819.) That rationale applies here, where the Secretary gave no indication of specific changes to the law or a new recommended sentence for defendant.

8

The *Braggs* court found support for its interpretation in the uncodified portion of the bill suggesting that the Legislature intended trial courts to consider the Secretary's recommended sentence.  (*Braggs*, *supra*, 85 Cal.App.5th at p. 819.)  The *Braggs* court also concluded the legislative history of the bill indicated there was no presumption in favor of any particular sentence.  (*Id.* at p. 820.)

We agree with *Braggs* that the language of section 1172.1, subdivision (d)(2), and its legislative history, establish a presumption in favor of recalling and resentencing a defendant, unless the trial court makes the required finding.  As noted *ante,* that presumption is not, however, a presumption in favor of a particular sentence recommended by the referring agency.  Rather, a court exercises its discretion in resentencing a defendant anew after recalling a sentence pursuant to section 1172.1.

This is exactly what the trial court did here.  Far from a cursory review, the trial court carefully examined the record of defendant's prior crimes, defendant's history, and the facts brought to the court's attention in the briefing submitted.  The trial court held two hearings and provided a carefully reasoned decision as to what sentence it would impose.

B.     *Factors to Review*

Defendant argues the trial court failed to credit defendant's age, mental illness, addiction, or his traumatic childhood when rendering its decision.  The record is to the contrary.

Under subdivision (a)(4) of section 1172.1, "In recalling and resentencing pursuant to this provision, the court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.  The court shall consider if the

9

defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence, if the defendant was a victim of intimate partner violence or human trafficking prior to or at the time of the commission of the offense, or if the defendant is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense."

The statute gives the trial court discretion as to whether to consider several items like the defendant's age, disciplinary record, and record of rehabilitation. The record here demonstrates that the trial court considered the relevant factors by reviewing the documentation provided to it prior to the hearing by both defendant and the People. The trial court specifically read the Secretary's letter into the record which recited his disciplinary record and attempts at rehabilitation. The court additionally considered "defendant's willingness to participate in rehabilitation programs and life skills." Moreover, the trial court considered defendant's early life, the conduct he has been involved in over time, and his prospects for the future, which implicitly includes a consideration of defendant's age.

Section 1172.1 also requires the trial court to consider if defendant has experienced psychological, physical, or childhood trauma, and whether those circumstances were a contributing factor in the commission of the offense. Here, in making its decision, the court considered defendant's character and early life, including the "abuse he suffered, the conduct that he was subjected to as a young person, [and] some of the challenges he had related to family circumstances." In declining to strike defendant's prior strikes, the trial court found this trauma was not a contributing factor to the commission of the offenses and rendered him outside of the spirit of the Three Strikes law for the robbery. Thus, it considered this mandatory factor.

10

C. *Statement of Reasons*

Defendant asserts the trial court erroneously failed to issue statement of reasons for denying his petition under section 1172.1. We disagree.

Section 1172.1, subdivision (a)(6) requires the trial court to "state on the record the reasons for its decision to grant or deny recall and resentencing."

As we explained, *ante*, the trial court did not deny recall and resentencing. Rather, the trial court recalled the sentence and resentenced defendant. By the plain language of section 1172.1, the court was not required to "state [anything] on the record." But here, the trial court detailed on the record why it chose to remove the five-year enhancement, change the restitution fines, and make its decision to not strike defendant's strikes.

D. *Trial Court's Awareness of Discretion*

Defendant argues the trial court appeared unaware of its discretion to reduce his robbery conviction to the lesser included grand theft of person and suggests such a result "would appear to have been a good option in this case." We reject this argument.

We do not presume a trial court misunderstood its sentencing discretion unless the record demonstrates otherwise. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.)

Here, the trial court explicitly acknowledged this recall and resentencing petition was before it under the recommendation of the Secretary pursuant to section 1172.1. The court noted it had obligations and responsibilities under that law and was moving forward with the resentencing. Nothing in the record suggests the trial court misunderstood its discretion in any way.

To the extent defendant argues the trial court should have reduced his robbery conviction to the lesser included offense of grand theft of person, this argument is forfeited because defendant did not ask the trial court for this relief. His failure to argue that his sentence should be decreased in some other way than what he requested in his papers and his argument is therefore forfeited. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.)

11

E.	*Due Process*

Finally, defendant argues the trial court's sentencing procedure violated state law and as a result violated his due process rights and prejudiced him.  As we concluded *ante*, defendant has not demonstrated the trial court committed any errors.  Thus, we need not reach this argument.

III

DISPOSITION

The judgment is affirmed.

_____\s\_____
Krause, J.

We concur:

_____\s\_____
Robie, Acting P. J.

_____\s\_____
Wiseman, J.*

---

\*	Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.