Filed 6/17/24  P. v. Robbins CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>DONAVAN ROBBINS,<br><br>        Defendant and Appellant. | D081683<br><br><br>(Super. Ct. No. SCD252366) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Eric Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Donavan Robbins appeals the judgment resentencing him to a shorter prison term after the trial court recalled the sentence upon request by the

Secretary of the Department of Corrections and Rehabilitation (the Secretary). He contends the court erred in refusing to reduce the prison term even more by using an incorrect legal standard to find that further reduction would pose an unreasonable risk of danger to public safety. We affirm.

## I.

## BACKGROUND

### A. *Current Convictions*

A jury found Robbins guilty of eight counts of robbery (Pen. Code, § 211; subsequent section references are to this code), three counts of attempted robbery (§§ 21a, 211), and one count of burglary (§ 459), and found true firearm enhancement allegations attached to the robbery and attempted robbery counts (§ 12022.53, subd. (b)). Robbins admitted allegations he had served a prior prison term (former § 667.5, subd. (b)) and had a prior robbery conviction that constituted a serious felony for purposes of a five-year enhancement (§ 667, subd. (a)(1)) and a strike for purpose of the Three Strikes law (§ 667, subds. (b)–(i), 1170.12). On October 16, 2015, the trial court denied Robbins's motion to dismiss the allegation of the prior strike conviction and sentenced Robbins as a second-strike offender to an aggregate prison term of 41 years eight months. The term included a total of 20 years in firearm enhancements and five years for the prior serious felony conviction that Robbins admitted. This court affirmed the judgment. (*People v. Robbins* (Aug. 5, 2016, D069077) [nonpub. opn.].)

### B. *Recommendation for Recall and Resentencing*

By letter dated August 10, 2022, the Secretary invoked section 1172.1 to recommended the trial court recall and resentence Robbins based on an amendment to the firearm enhancement statute that took effect in 2018 and authorized courts to strike or dismiss enhancements whose imposition

2

previously had been mandatory (§ 12022.53, subd. (h), as amended by Stats. 2017, ch, 682, § 2).[1]  The Secretary enclosed with her letter a cumulative case summary that described Robbins's current and prior crimes; noted he was classified as the lowest-level security risk and had no disciplinary rules violations; and listed the educational and other self-improvement programs he completed during his incarceration.

C.  *Trial Court's Response*

In response to the Secretary's letter, the trial court appointed counsel for Robbins.  Counsel filed a brief in which she argued Robbins's reform during his time in prison showed he was not an "unreasonable risk of danger to public safety," i.e., he was not at risk of committing "a new 'super strike,' " so that there was a presumption in favor of recall and resentencing.[2]

---

[1]  Under section 1172.1, subdivision (a)(1), the trial court "may, . . . at any time upon recommendation by the [S]ecretary . . . , recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [the defendant] had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."  When recalling and resentencing a defendant, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (a)(2).)

[2]  If the Secretary requests recall and resentencing, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."  (§ 1172.1, subd. (b)(2).)  Section 1170.18, subdivision (c) defines " 'unreasonable risk of danger to public safety' " as an unreasonable risk the person will commit a violent sex offense, homicide offense, or another one of the felonies listed in section 667, subdivision (e)(2)(C)(iv), which are "known colloquially as 'super strikes' " (*People v. Valencia* (2017) 3 Cal.5th 347, 351).

Counsel urged the court to use its discretion under section 1385, subdivision (c) to strike the firearm enhancements, which had added 20 years to his aggregate prison term, and the five-year enhancement for the prior serious felony conviction.[3]  In opposition, the People argued the court should not recall and resentence because Robbins's history of violent crimes involving firearms and limited rehabilitative programming in prison made him an unreasonable risk of danger to public safety.  The People alternatively argued that if the court decided to recall and resentence, it should dismiss the five-year enhancement for the prior serious felony conviction but none of the firearm enhancements, because dismissal of those enhancements would endanger public safety.

At the hearing on the Secretary's recommendation, the trial court stated that it had read the parties' briefs and the court file and that it had presided at Robbins's trial and sentencing, at which it could have sentenced Robbins to prison for more than 80 years but chose to sentence him to 41 years eight months.  The court identified the "simple decision [it] ha[d] to

---

[3]     Section 1385, subdivision (c)(1) states:  "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (*Id.*, subd. (c)(2).)  The "mitigating circumstances" include allegation of multiple enhancements in a single case, application of an enhancement resulting in a prison term longer than 20 years, and an enhancement based on a prior conviction older than five years.  (*Id.*, subd. (c)(2)(B), (C), (H).)

4

make" as "whether Mr. Robbins poses an unreasonable risk of danger to public safety as defined by Penal Code [s]ection 1170.18[, subdivision ](c)." The court went on to state that "[p]art of the argument of the defense in this case is that the [c]ourt should exercise its discretion under Penal Code [s]ection 1385[, subdivision ](c)(2)([C]))" to dismiss firearm enhancements, and in exercising that discretion "the issue before the [c]ourt" was whether "dismissal of the enhancements, as requested by [Robbins's counsel], would endanger public safety." The court noted dismissal was not mandatory were it to find dismissal would endanger public safety.

After identifying the issues to be decided, the trial court described Robbins's current and prior convictions. The current convictions involved using a firearm, threatening victims, and forcing them into walk-in freezers at restaurants, so that Robbins could steal money and other property. His prior convictions included a very similar armed robbery for which he had been granted probation but ended up going to prison for four years after he violated the terms of probation. After Robbins got out of prison, he participated in a rent skimming scheme to which he pled guilty and was granted probation. While he was on probation for that conviction, he committed the robberies and other offenses for which he is currently in prison.

When the trial court finished summarizing Robbins's criminal history, it cited section 1172.1, subdivision (b)(2), and noted the presumption in favor of resentencing when recommended by the Secretary could only be overcome if the court found Robbins to be an unreasonable risk of danger to public safety, which the court defined as "an unreasonable risk that [he] will commit a new felony offense." The court identified factors relevant to that determination, including Robbins's criminal history, which it had already

5

described, and his "disciplinary record and record of rehabilitation while incarcerated," which the court considered favorable to Robbins. The court then invited the prosecutor to comment.

The prosecutor acknowledged Robbins "has been a model prisoner," but argued his good behavior in prison did not warrant reduction of the prison sentence. The prosecutor argued that based on Robbins's recidivism, the number and nature of his current convictions, and the maximum prison term he could have received, the prison term of 41 years eight months remained appropriate.

Robbins's counsel responded that his criminal history alone was insufficient to show Robbins remained an unreasonable risk of danger to public safety, as required to overcome the presumption in favor of resentencing. Counsel contended Robbins's lack of disciplinary rules violations, educational and other improvements while in prison, family support, and plan for reentry into the community showed Robbins was no longer a risk to public safety and should be resentenced as recommended by the Secretary.

Next, Robbins and his daughter gave brief statements in support of recall and resentencing.

The trial court then announced its decision. It again noted the "presumption in favor of resentencing upon [the Secretary's] recommendation which can only be overcome if the [c]ourt finds an inmate is an unreasonable risk of danger to the public safety." The court expressed "no doubt" that Robbins "has taken some positive steps" while in prison, but concluded that behavior "bears little to no significance in determining the threat he poses when in public." Rather, the court concluded, Robbins's past behavior of committing multiple armed robberies was "a pretty good predictor" of what

6

he "would be doing if he was out on the street." The court found Robbins posed "an unreasonable risk of danger to the public safety under the meaning of Penal Code section 1170.18. Robberies with firearms and repeated robberies are indicative of unreasonable risk of danger to public safety." The court struck the five-year enhancement for the prior serious felony conviction but otherwise imposed the same prison term on each conviction and enhancement it had imposed in 2015, so that Robbins was resentenced to prison for an aggregate term 36 years eight months.

## II.

## DISCUSSION

### A.  *Parties' Contentions*

Robbins contends the trial court prejudicially erred by applying an overly expansive definition of "unreasonable risk of danger to public safety" to overcome the presumption in favor of resentencing and to refuse to dismiss the firearm enhancements as recommended by the Secretary. He argues "[t]he court failed to recognize that the statutory requirement as to the risk of danger was 'narrowly confined to the likelihood that the defendant will commit a limited subset of violent felony,' i.e., super strikes." Instead, Robbins contends, "[t]he court mistakenly believed that the presumption favoring resentencing would be overcome if there was an unreasonable risk that [Robbins] would commit 'a new felony offense' of <u>any</u> type." He further contends there is no evidence in the record to support a finding that he is likely to commit a super strike, but there is "extensive evidence that mitigated <u>against</u> [such a] finding." Robbins asks us to reverse the judgment and to remand the matter for resentencing.

The People contend that by failing to raise in the trial court the claim that the court applied the wrong legal standard in declining to dismiss the

firearm enhancements, Robbins forfeited the claim on appeal. On the merits, the People contend the court properly applied the presumption under section 1172.1, subdivision (b)(2) by recalling Robbins's sentence and reducing the prison term by five years, and also properly declined to strike the firearm enhancements under section 1385, subdivision (c)(2) on the ground that to do so would endanger public safety. They ask us to affirm the judgment.

B.    *Standard of Review*

Our interpretation of the provisions of section 1172.1 and other statutes is de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) We review the trial court's discretionary resentencing decisions, including those on enhancements, for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373–374; *People v. Frazier* (2020) 55 Cal.App.5th 858, 863; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) A court abuses its discretion when it (1) applies the wrong legal standard, (2) bases its decision on express or implied factual findings unsupported by substantial evidence, or (3) applies the correct legal standard to the facts in a way that is so irrational or arbitrary that no reasonable person could agree with it. (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711–712 (*Haraguchi*); *People v. Doron* (2023) 95 Cal.App.5th 1, 9; *Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 708–709.)

C.    *Analysis*

Robbins did not forfeit the claim of error that in resentencing him the trial court employed the wrong legal standard for determining whether he "currently pose[d] an unreasonable risk of danger to public safety." (§ 1172.1, subd. (b)(2); see § 1170.18, subd. (c) [defining " 'unreasonable risk of danger to public safety' "].) In his brief and at the hearing in the trial court, Robbins argued, based on his in-prison rehabilitation and case law applying the

8

"unreasonable risk of danger to public safety" standard, that he currently posed no risk of committing a super strike and therefore should be resentenced to a prison term that did not include firearm enhancements, as suggested by the Secretary in her letter recommending recall and resentencing. That argument was sufficient to preserve for appeal the claim that the trial court erred by finding he posed such a risk and not following the Secretary's recommendation.

Although Robbins did not forfeit the claim of error, he has shown no prejudicial error in the trial court's application of the presumption in favor of recall and resentencing upon recommendation by the Secretary. As we stated earlier, the presumption applies unless the court finds the defendant would pose an unreasonable risk of committing a super strike if resentenced. (See fn. 2, *ante*.) Despite the trial court's explicit finding that Robbins posed such a risk, "[t]he court in this case in fact *recalled* [his] sentence and *resentenced* him." (*People v. Braggs* (2022) 85 Cal.App.5th 809, 819.) The court did not strike the firearm enhancements mentioned in the Secretary's letter, but "nothing in . . . section 1172.1 provides for a presumption in favor of the Secretary's *particular* recommended sentence." (*Braggs*, at p. 819.) Rather, "[t]he Legislature's intent was . . . to 'ensure' that the Secretary's referral was given 'court[ ] consideration,' meaning by '*providing the opportunity* for resentencing.' [Citation.] [Robbins] was given such consideration by the court, including the opportunity for resentencing. Indeed, he was actually resentenced although not to the same extent as addressed in the Secretary's letter." (*Ibid.*) "Accordingly, we conclude [Robbins] fails to demonstrate prejudicial error by the trial court's purported failure to properly apply the presumption in favor of recall and resentencing under [section 1172.1]." (*Braggs*, at p. 820.)

Robbins nevertheless argues we must remand for resentencing because the trial court's error in finding he posed an unreasonable risk of danger to public safety affected its discretionary resentencing decisions. Specifically, he contends that based on that error "the trial court refused to consider resentencing [him] in the manner urged by [his] counsel, i.e., striking 20 years' worth of firearm use enhancements." We are not persuaded. Although the trial court expressly found dismissal of the enhancements was "not in the public interest" because Robbins's criminal history made him "an unreasonable risk of danger to the public safety *under the meaning of Penal Code* [*s*]*ection 1170.18*" (italics added), the court's rulings and the entirety of its comments at the hearing indicate that finding was a "slip of the tongue that did not reflect [the court's] actual conclusions and reasoning" (*People v. Tessman* (2014) 223 Cal.App.4th 1293, 1304). As we shall explain, the court mistakenly cited section 1170.18 when it should have cited section 1385, subdivision (c)(2) as the basis for its decision not to dismiss the firearm enhancements.

One indication the trial court misspoke in stating its decision is that it actually recalled Robbins's sentence and resentenced him to a shorter prison term. The court would not have done so had it found Robbins posed an unreasonable risk of committing a super strike, which would have justified denial of recall and resentencing. (See § 1172.1, subd. (b)(2).) Another indication the court misspoke is that it noted during the hearing that Robbins had asked it to exercise its discretion under section 1385, subdivision (c)(2) to dismiss the firearm enhancements. The court stated: "[T]he issue is whether the [c]ourt finds . . . dismissal of the enhancements, as requested by [Robbins's counsel], would endanger public safety." The court was thus aware that in resentencing it had discretion to dismiss the firearm

10

enhancements but was not required to do so if dismissal "would endanger public safety." (§ 1385, subd. (c)(2); see § 1172.1, subd. (a) [resentencing court applies changes in law that provide for judicial discretion and resentences defendant as if he had not been sentenced]; *People v. Cota* (2023) 97 Cal.App.5th 318, 337 [§ 1385, subd. (c)(2)(B) does not require dismissal of enhancement when it would endanger public safety]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 291 (*Mendoza*) [same as to § 1385, subd. (c)(2)(C)].) In declining to dismiss the enhancements, the court explained that despite good behavior in prison, Robbins's multiple armed robbery convictions, poor performance on probation, and recidivism were "indicative of unreasonable risk of danger to public safety." Although the court mistakenly used the language of section 1170.18, subdivision (c) to articulate its conclusion, its explanation sufficed to show dismissal of the enhancements "would endanger public safety" within the meaning of section 1385, subdivision (c)(2), i.e., "there is a likelihood that dismissal of the enhancements . . . would result in physical injury or other serious danger to others." (See *People v. Cruz-Partida* (2022) 79 Cal.App.5th 197, 210, fn. 12 ["even if the trial court misspoke or was confused, ' "we review the ruling, not the court's reasoning, and, if the ruling was correct on any ground, we affirm" ' "]; cf. *Mendoza*, at p. 299 [refusal to dismiss firearm enhancement was not abuse of discretion when defendant discharged firearm during robbery].) The record thus shows the trial court understood and applied the correct legal standard on whether to dismiss the firearm enhancements.

A different conclusion is not required by the cases on which Robbins relies. Those cases concerned application of the definition of "unreasonable risk of danger to public safety" in section 1170.18, subdivision (c) to requests for compassionate release under section 1172.2 or mental health diversion

11

under section 1001.36.  (See *Nijmeddin v. Superior Court* (2023) 90 Cal.App.5th 77 [abuse of discretion to deny compassionate release when trial court made no finding of unreasonable risk defendant would commit super strike if released]; *People v. Williams* (2021) 63 Cal.App.5th 990 [abuse of discretion to deny mental health diversion when defendant was not reasonably likely to commit super strike if diverted]; *People v. Moine* (2021) 62 Cal.App.5th 440 [same].)  No such request is at issue in this case.  Moreover, as we have explained, the trial court did not deny recall and resentencing on the ground Robbins was likely to commit a super strike if resentenced.  It recalled his sentence and resentenced him to a shorter prison term, though not so short as the Secretary had recommended and his counsel had requested.  The court refused to dismiss Robbins's firearm enhancements because it found dismissal "would endanger public safety."  (§ 1385, subd. (c)(2).)  The cases Robbins cites do not address that discretionary decision.

In sum, we conclude Robbins has not shown that the trial court applied the wrong legal standard in declining to dismiss his firearm enhancements, that substantial evidence does not support its decision, or that the decision is arbitrary or capricious.  He has established no abuse of discretion that would require reversal of the judgment.  (See *Haraguchi, supra*, 43 Cal.4th at pp. 711–712; *Mendoza, supra*, 88 Cal.App.5th at pp. 298–299.)

## III.

## DISPOSITION

The judgment is affirmed.


                                                          IRION, Acting P. J.


WE CONCUR:



BUCHANAN, J.



KELETY, J.