Filed 6/24/26  P. v. Adams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>    v.<br><br>TORREY LEVARR ADAMS,<br>    Defendant and Appellant. | C102518<br><br>(Super. Ct. No. 11F01280) |


Defendant Torrey Levarr Adams was resentenced pursuant to Penal Code[1] section 1172.75.  After striking defendant's prior prison term enhancements, the trial court declined to further reduce defendant's sentence.  On appeal, defendant claims the trial court erred by (1) declining to dismiss a firearm enhancement, or otherwise reduce it; (2) reimposing an upper term sentence without a jury finding aggravating factors affiliated with that conviction true; (3) reimposing defendant's restitution fine 10 years after it was originally imposed; and (4) failing to prepare and transmit an abstract of judgment pertaining to defendant's indeterminate sentence.

We agree with defendant that his restitution fine must be vacated and accordingly modify the judgment.  Because the fine is vacated, the court will need to amend defendant's abstract of judgment related to his indeterminate sentence, making that issue

---

[1]    Further undesignated section references are to the Penal Code.

1

moot.  In all other respects, we disagree with defendant and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

In 2010, defendant shot Antonne Nelms in the neck during a drive by shooting; Nelms later died.  Defendant admitted to being the shooter.  At the time defendant was taken into custody, he was in possession of a loaded revolver and cocaine.  A jury subsequently found defendant guilty of second degree murder, possession of cocaine for sale, and being a felon in possession of a firearm.  The jury also found defendant personally and intentionally discharged a firearm causing death during the murder and possessed a firearm while possessing cocaine for sale.  The trial court later found true two prior prison term enhancements.  Defendant was initially sentenced to 20 years to life in prison for second degree murder and 25 years to life for the attached firearm enhancement; four years for possessing cocaine for sale and five years for the attached firearm enhancement; two years for being a felon in possession of a firearm, stayed pursuant to section 654; and one year for each of the two prior prison term enhancements.  Defendant's aggregate sentence was 45 years to life plus 11 years and included $10,000 of restitution fines under section 1202.4, subdivision (b).

In 2024, defendant was identified as a person who could be resentenced under section 1172.75.  Defendant requested the trial court strike the firearm enhancement attached to his murder conviction under section 1385.  The trial court explained that, if it found the dismissal would endanger public safety, the court did not need to inquire further.  Then the trial court acknowledged its duty to consider defendant's threat to public safety at the time defendant would be eligible for parole in 2031, as well as the date defendant expected to be eligible if his 25-year firearm enhancement were stricken, which was anticipated to be "much earlier."  The trial court noted that, if it did not find defendant was a danger to public safety, it would determine if dismissal of the firearm

2

enhancement would be in the interest of justice. The trial court then identified that multiple enhancements had been found true in defendant's case.

The trial court found dismissal of the 25-year firearm enhancement would endanger public safety given defendant's rule violations while in prison and the callousness and severity of his crime. As to defendant's rules violations, the trial court noted defendant's argument he had been rehabilitated but also questioned the good faith nature of his attempts to rehabilitate while "continu[ing] to engage in misconduct while in custody," pointing to defendant's multiple rule violations in prison. Recent violations classified as serious occurred in 2017, 2019, 2021, and 2024; in the most recent incident, defendant was found guilty of a repeat violation of possessing a cell phone. While defendant contested the truth and severity of the rule violations, the court accepted the disciplinary findings as true.

Given the trial court's public safety finding, it also found substantial credible evidence of countervailing aggravating factors weighed against dismissal. It further explained, "[E]ven if the [c]ourt were not to make [the adverse public safety] finding, the [c]ourt would still balance the aggravating factors against the mitigating factors." Based on this reasoning, the trial court found "dismissal of the enhancement [was] not in the furtherance of justice." The court continued its analysis, acknowledging its authority to strike the 25-year enhancement and impose a lesser sentence; however, it specifically found "any lesser enhancement would also endanger public safety."

Accordingly, the trial court reimposed defendant's original sentence except for striking two prior prison term enhancements, for an aggregate sentence of 45 years to life plus nine years. The court also confirmed and reimposed all previous terms, conditions, fines and fees, and admonishments in accordance with the original sentence.

Defendant appeals.

## DISCUSSION

Under section 1172.75, defendants are entitled to resentencing when they have a prior prison term enhancement. (§ 1172.75, subds. (a)-(c).) "[S]ection 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) Resentencing must occur under current law in accordance with section 1172.75, subdivision (d)(2).

### I

### *The Trial Court Did Not Abuse Its Discretion*
### *By Declining To Reduce Or Strike The Firearm Enhancement*

Defendant contends the trial court abused its discretion by failing to reduce or strike the 25-year firearm enhancement attached to his murder conviction. We disagree.

We review the trial court's decision not to strike a sentence enhancement under section 1385, subdivision (c) for an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.) " '[A]n abuse of discretion arises if the trial court based its decision on impermissible factors … or on an incorrect legal standard.' " (*Ibid*.) When utilizing the correct standard and permissible facts, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Section 1385, subdivision (c)(1) provides, "[T]he court shall dismiss an enhancement if it is in the furtherance of justice to do so." "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute "are present." (§ 1385, subd. (c)(2).) Presence of any of "these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid*.) " 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Ibid*.)

4

Our Supreme Court explained, "[I]f the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1036.) Thus, " 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement.' " (*Id*. at p. 1033.)

Defendant argues the trial court used the wrong standard when declining to dismiss the 25-year firearm enhancement because it believed it was not required to perform a furtherance of justice analysis if it found dismissal of the enhancement would endanger public safety. Our Supreme Court has observed that "in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in [section 1385,] subdivision (c)(2)." (*People v. Walker*, *supra*, 16 Cal.5th at p. 1033.) Our Supreme Court, however, was also clear that a furtherance of justice analysis is required in every section 1385, subdivision (c) analysis. (*Walker*, at p. 1033.) Thus, the trial court misstated the applicable law when describing the standard. The court, however, accounted for this possibility and expressly found, even if it had not made the adverse public endangerment finding, countervailing aggravating factors existed to support its finding that dismissal of the 25-year enhancement was not in the furtherance of justice. Because the trial court made express findings under the correct standard, the court misstating the applicable standard did not constitute error. (See *People v. Mayfield* (1993) 5 Cal.4th 142, 196 ["the

5

court correctly applied the law [citation], even if it did not correctly and consistently pronounce it"].) Because the court ultimately applied the correct standard, we do not need to address defendant's argument regarding the proper weight to afford the factors in light of an endangerment finding or the proper standard for assessing future dangerousness under section 1385, subdivision (c)(2).

As to the trial court's determination under the correct standard, defendant argues the court still abused its discretion because it did not give sufficient weight to defendant's postsentence rehabilitative efforts and the Legislature's intent to reduce prison sentences, instead focusing on defendant's danger to public safety, the circumstances of the underlying offense, and defendant's rule violations. The record reflects the trial court identified that multiple enhancements had been found true in defendant's case. Given the trial court's acknowledgment, we presume it complied with the law and gave that factor great weight in its furtherance of justice balancing analysis. (§ 1385, subd. (c)(2)(C); *People v. Caparrotta* (2024) 103 Cal.App.5th 874, 905 [" 'In the absence of evidence to the contrary, we presume that the court "knows and applies the correct statutory and case law" ' "].) Further, the trial court considered defendant's risk to public safety at the time of his potential release and considered his rehabilitative efforts, making defendant's true argument a complaint about the way in which the court balanced the relevant circumstances and came to a conclusion. Defendant has failed to demonstrate an abuse of discretion in this regard.

Defendant argues the court erred by considering he was a danger to society because it did not take into consideration defendant's age at the time of release and the impact of a lengthy prison sentence. But the trial court did consider defendant would be eligible for parole "much earlier" rather than in 2031 and found that defendant's numerous and recent rule violations demonstrated he posed a danger, implying a finding that defendant posed a risk in the timeframe at issue despite his rehabilitative efforts. There is nothing irrational or arbitrary with the trial court's reasoning regarding

6

defendant's danger to public safety. Further, while defendant contested the truth and severity of the rule violations, it was not unreasonable for the trial court to defer to official findings of the Department of Corrections and Rehabilitation.

Defendant also argues the trial court did not consider its ability to reduce the 25-year enhancement. Not so. The court acknowledged its ability to reduce the enhancement and found any lesser enhancement would also endanger public safety. Thus, defendant has not demonstrated an abuse of discretion on this basis.

Defendant finally raises a Sixth Amendment challenge premised on the trial court's abuse of discretion when applying section 1385. Because we concluded the court did not abuse its discretion, we further conclude there was no Sixth Amendment violation.

II

*The Trial Court Did Not Err By Reimposing An Upper Term*

Defendant contends the trial court was prohibited from imposing the upper term for defendant's cocaine possession conviction based on aggravating factors neither stipulated to nor found true beyond a reasonable doubt at trial. The People do not argue forfeiture in light of defendant's failure to object on this basis in the trial court, and thus we will reach the merits. On the merits, we disagree with defendant's contention the upper term was unavailable to the court for the reasons articulated in *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466-467, which found the language of section 1172.75 permitted the court to reimpose the upper term regardless of current law requiring a jury finding to do so. Defendant asks us to reconsider *Brannon-Thompson* in light of the constitutional concerns addressed in *People v. Gonzalez* (2024) 107 Cal.App.5th 312 and *People v. Wiley* (2025) 17 Cal.5th 1069. We decline to diverge from our prior holding.

Indeed, the *Gonzalez* court "acknowledge[d] that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring

7

proof of aggravating factors before reimposing an upper term sentence." (*People v. Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328-329.) The *Gonzalez* court, however, feared "reading an exemption into section 1172.75, subdivision (d)(4) … and thereby allowing a court to resentence a defendant to an upper term sentence without proof beyond a reasonable doubt of aggravating factors, would run afoul of the Sixth Amendment implications identified in [*People v. Lynch* (2024) 16 Cal.5th 730]." (*Gonzalez*, at p. 330.)

Our Supreme Court has granted review on this issue. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.) In the meantime, we respectfully disagree with the *Gonzalez* court's analysis. "Under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham v. California* (2007) 549 U.S. 270, 281.) There is no dispute that, under *Lynch*, the additional factual determinations required to impose the upper term under section 1170, subdivision (b) implicate the Sixth Amendment jury trial right. (*People v. Lynch*, *supra*, 16 Cal.5th at pp. 768-769.) As our Supreme Court explained, "[U]nder the current statute the aggravating facts used to 'justify' an upper term sentence are 'necessary to [its] imposition,' [citation] and effectively function like elements of a crime." (*Id*. at p. 760.) But, section 1172.75, subdivision (d)(4) "carves out an exception" to the factfinding requirements of section 1170, subdivision (b). (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th at p. 458.) Because those factfinding requirements do not apply when reimposing the upper term at a section 1172.75 resentencing, the Sixth Amendment is not implicated. (See *Lynch*, at p. 759 ["It is the requirement of additional factfinding that brings the Sixth Amendment into play"]; see also *id*. at p. 756 ["in this context, what the Sixth Amendment requires is necessarily informed by what the state statutory scheme requires"].)

8

Further, contrary to defendant's assertion, our Supreme Court's recent opinion in *People v. Wiley*, *supra*, 17 Cal.5th 1069 did not concern whether a court must apply ameliorative changes in the law when reimposing an upper term sentence. *Wiley* addressed section 1170, subdivision (b)(3), which provides that "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (See *Wiley*, at p. 1076.) *Wiley* held that the scope of section 1170, subdivision (b)(3) is limited, and specifically that "a jury [must] determine whether the particular details of a defendant's criminal history establish an unsatisfactory probation performance or demonstrate convictions of increasing seriousness, before a trial court can rely on those facts to justify an upper term sentence." (*Wiley*, at p. 1078.) *Wiley* does not impact a court's ability to *reimpose* the upper term pursuant to section 1172.75, subdivision (d)(4). Accordingly, defendant has not demonstrated error.

III

*The Restitution Fine Under Section 1202.4, Subdivision (b) Must Be Vacated*

Defendant contends the trial court erred by reimposing a restitution fine under section 1202.4, subdivision (b) because the language of section 1465.9, subdivision (d) mandates vacating these fines after 10 years. The People disagree and counter defendant's fines were reimposed at the resentencing hearing, making section 1465.9 inapplicable because "10 years have not elapsed" under the statute. We agree with defendant.

This dispute raises a question of statutory interpretation, which we review de novo. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95.)

Section 1465.9, subdivision (d) states: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to [s]ection 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." Trial courts have jurisdiction to modify

9

"every aspect" of a sentence at a full resentencing hearing, including fines. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; see *People v. Rosas* (2010) 191 Cal.App.4th 107, 117; *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34.)

Here, at resentencing the trial court "confirm[ed] and reimpose[d] all previous terms, conditions, fines and fees, and admonishments provided by the [c]ourt on the day of [defendant's] original sentenc[ing]." The court clearly intended to reimpose the original restitution fine and not an additional, new obligation under section 1202.4, subdivision (b).

As in *People v. Salstrom* (2025) 117 Cal.App.5th 596, 600, review granted on another issue March 11, 2026, S295038, we find no support for the People's position that this reimposition restarted section 1465.9's 10-year clock. The plain language of section 1465.9, subdivision (d) provides legislative intent to eliminate restitution fines under section 1202.4 after 10 years. "[A]llowing trial courts to reimpose a restitution fine under section 1202.4, subdivision (b) originally imposed more than 10 years prior could render section 1465.9 effectively meaningless for any defendant who is subject to a full resentencing" or is successful on an appeal or a collateral attack. (*Salstrom*, at p. 601.) For these reasons, we conclude defendant's restitution fine under section 1202.4, subdivision (b), originally imposed in 2012, must be vacated pursuant to section 1465.9, subdivision (d). Given this conclusion, the trial court will have to prepare an amended abstract of judgment for defendant's indeterminate term, making his claim for such moot.**2**

---

**2**    Even so, we note defendant cites to an unpublished case in support of this argument. California Rules of Court, rule 8.1115(a) provides that an opinion of a California Court of Appeal "that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action." Defense counsel is cautioned against citing such authority.

DISPOSITION

Defendant's restitution fine under section 1202.4, subdivision (b) is vacated. The judgment is affirmed as modified. The trial court shall prepare amended abstracts of judgment for both defendant's determinate and indeterminate sentences and forward a certified copy to the Department of Corrections and Rehabilitation.


/s/ _____
ROBIE, Acting P. J.

We concur:


/s/ _____
MAURO, J.


/s/ _____
WISEMAN, J.*

---

*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.